Rockingham,
No. 6184.

STATE

*v.*

BARRY M. McCOMB

STATE

*v.*

JOSEPH MONETTE.

October 5, 1971.

*Warren B. Rudman,* Attorney General, and *Henry F. Spaloss,*

Assistant Attorney General, ( *Mr. Spaloss* orally ) for the State.

*Wayne J. Mullavey* for the defendant McComb.

*Robert G. Tetler,* by brief and orally, for the defendant Monette.

DUNCAN, J. Reduced to its essentials, this is a case where on the night of October 31, 1969 the police, pursuant to an oral request on behalf of Christopher Stone, one of two brothers, both minors, who were co-owners or at the least joint occupants of a house on Island Path in Hampton, went to the premises in question to investigate Christopher's complaint of possession and use of controlled drugs by persons therein; through a window saw the defendants in possession of a pipe wrapped in tin foil which was being passed about, and a plastic bag which the officers recognized as probably containing drugs; entered the house, arrested the defendants, and seized the pipe and plastic bag.

Following conviction by the Hampton District Court of the defendant McComb of possession of a controlled drug, and of the defendant Monette of being knowingly present where such a drug was illegally kept ( Laws 1969, 421:1, subs. 318-B:26, eff. Aug. 31, 1969 ), the defendants appealed to the superior court.

In advance of trial in the superior court, each defendant moved to suppress the evidence procured by the officers at the time of the arrest. After hearing, the motions were denied by *Perkins, J.,* subject to exception, and the questions of law presented were reserved and transferred by the presiding justice. Both defendants contend that seizure of the evidence by the arresting officers was illegal, and that the motions for suppression were erroneously denied. We disagree.

The defendants were in the house in question at the invitation of the complainant's brother James, who was in Hampton on leave from military service at the time, but not present when the arrests were made. The defendants seek to establish their standing to complain of the search and seizure in the right of James Stone, and assert that entrance was obtained in violation of their constitutional rights thus derived. *See State* v. *Crump,* 107 N.H. 62, 65, 217 A.2d 183, 186 ( 1966 ). By the weight of authority, however, the request and consent of Christopher Stone, which it could be found was transmitted through the legal guardian of both brothers, was sufficient to justify the officers' warrantless entry upon the premises. The right of James Stone to entertain

law-breakers in the joint home was certainly no greater than the right of Christopher to cause law enforcement officers to investigate activities there. The evidence warranted a finding and ruling that the officers committed no trespass in entering upon the premises surrounding the house at the request of Christopher. *Cf. Mann* v. *Superior Court,* 3 Cal. 3d 1, 472 P.2d 468, 88 Cal. Rptr. 380 ( 1970 ). Authority for the proposition that intrusion upon premises with the consent of one co-owner or occupant is lawful as against the other will be found in such cases as *Drummond* v. *United States,* 350 F.2d 983 ( 8th Cir. 1965 ); *People* v. *Walker,* 34 Ill. 2d 23, 213 N.E.2d 552 ( 1966 ); *Embry* v. *State,* 46 Wis. 2d 151, 174 N.W.2d 521 ( 1970 ). *See also Frazier* v. *Cupp,* 394 U.S. 731, 22 L. Ed. 2d 684, 89 S. Ct. 1420 ( 1969 ); Annot., 31 A.L.R.2d 1078, 1086 ( 1953 ) and supplement.

There was evidence that while lawfully present on the grounds, the officers saw activities within the house which gave them reason to believe that crimes were there being committed. They entered the house with the consent of one of the joint proprietors, and thus lawfully effected the arrests. It is established law that officers are justified in effecting a warrantless arrest upon the basis of evidence in plain view which gives them reasonable ground to believe that an offense is being committed in their presence. RSA 594:10; *State* v. *Crump,* 107 N.H. 62, 217 A.2d 183 ( 1966 ); *see State* v. *Davis,* 108 N.H. 45, 226 A.2d 873 ( 1967 ). *See also Commonwealth* v. *Cohen,* 268 N.E.2d 357 ( Mass. 1971 ); *United States* v. *Dalli,* 424 F.2d 45 ( 2d Cir. 1970 ); *Whiteley* v. *Warden,* 401 U.S. 560, 567, 91 S. Ct. 1031, 1036 ( 1971 ); *Mann* v. *Superior Court,* 3 Cal. 3d 1, 472 P.2d 468, 88 Cal. Rptr. 380 ( 1970 ) *supra.*

Contemporaneously with a lawful arrest, the arresting officers could constitutionally make a warrantless seizure of evidence of a crime found within the immediate control of the arrested offender or offenders. *Chimel* v. *California,* 395 U.S. 752, 762-63, 23 L. Ed. 2d 685, 693-94, 89 S. Ct. 2034, 2039-040 ( 1969 ); *Coolidge* v. *New Hampshire,* 403 U.S. 443, 465-66, 91 S. Ct. 2022, 2037-038 ( 1971 ); *see Vale* v. *Louisiana,* 399 U.S. 30, 26 L. Ed. 2d 409, 90 S. Ct. 1969 ( 1970 ).

*Exceptions overruled.*

GRIMES, J. concurred in the result; the others concurred.