## 27245.   HAMBY v. POPE.

Grice, Presiding Justice. The appellant complains of the dismissal of his complaint filed in a superior court against a superior court judge, seeking the writ of mandamus to prevent him from violating Art. I, Sec. I, Par. IV (*Code Ann.* § 2-104), which provides that "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney or both."

The dismissal was correct. The rule is well established that one superior court judge has no power to issue the writ of mandamus to compel another superior court judge to perform an official duty. "This is so for the reason that the writ issues only from a superior court to an inferior court, to do those acts which clearly appertain to its duty. The very etymology of the word 'mandamus'—we command, implies superior power; the power of a suprior authority to compel an official or inferior judicature to act. The same reason which prohibits an inferior court from controlling the conduct of a superior tribunal applies just as cogently to the effort of one judge to compel the action of another judge or co-ordinate jurisdiction and power." *Shreve v. Pendleton,* 129 Ga. 374, 375 (58 SE 880, 12 AC 563). See also *Elliott v. Hipp,* 134 Ga. 844 (1) (68 SE 736, 137 ASR 272, 20 AC 423); *Elliott v. Leathers,* 223 Ga. 497, 502 (156 SE2d 440).

In this appeal it follows that the merits of the complaint are not in issue.

*Judgment affirmed. All the Justices concur. Hawes and Gunter, JJ., concur specially.*

Submitted June 12, 1972—Decided July 12, 1972.

*C. B. Holcomb, District Attorney,* for appellee.

Gunter, Justice, concurring specially. Hamby brought an action in the Superior Court of Cherokee County against Pope, Judge of Superior Court, which was entitled "Peti-

tion for Writ of Mandamus." The complaint alleged that the defendant was a judge of superior court and was a resident of Cherokee County; it then alleged that the defendant was "engaged in acts and practices which constitute improper performance and defects in legal justice because of his failure to enforce the Constitution of the State of Georgia, Art. I, Sec. I, Par. IV (Code 2-104) and the provisions thereof; and plaintiff Hamby, brings this action to enjoin such acts and practices; and to compel proper enforcement thereof."

The problem with the complaint filed by Hamby, a layman representing himself without the assistance of a member of the bar, is that it fails to state any official duty that he seeks to have perfomed by the defendant, a state official. For this reason the complaint was properly dismissed by Judge Sam B. Burtz, Judge of Cherokee Superior Court, for failure to state a claim upon which relief might be granted.

I am of the opinion that an action for the writ of mandamus may be brought against a judge of superior court in the county of his residence to compel the due performance of his official duties. See *Code* § 64-101. The judge against whom such an action is brought, being the defendant in the case, is of course disqualified from hearing the case, and another judge must preside. See *Code* § 24-2623.

In this case an action for mandamus was brought against a superior court judge, another superior court judge heard the case, he determined that the complaint failed to state a claim for which relief could be granted, and he dismissed the complaint.

This was all quite proper. The record in this case does not indicate to me that any error has been committed in the trial court.

I would affirm the judgment below for the reason stated herein.

I am authorized to state that Justice Hawes joins me in this special concurrence.