Hillsborough
No. 78-189

THE STATE OF NEW HAMPSHIRE

v.

RONALD AUBERT

October 30, 1978

*Thomas D. Rath*, attorney general (*Peter W. Heed*, assistant attorney general, by brief and orally), for the State.

*Cathy J. Green*, of Manchester, by brief and orally, for the defendant.

GRIMES, J. The issue in this violation of probation proceeding is whether the trial justice who heard the matter was disqualified by reason of having presided when the defendant entered a plea of guilty, which was later withdrawn, and by reason of certain statements made by the justice during the proceeding. We hold that on the facts of this case there was no disqualification.

Defendant pleaded guilty in 1976 to selling a controlled drug, and was sentenced to twelve months in the house of correction. Sentence was suspended, and defendant was placed on probation for two years. In 1977, he pleaded guilty to burglary, was sentenced to twelve months in the house of correction, one month suspended, and placed on probation for two years upon release from confinement. He was released and put back on probation in September 1977. In December 1977, a violation of probation report was filed on the 1976 conviction alleging that defendant had absconded, that his whereabouts were unknown, and that he had failed to report, failed to be employed, and failed to pay his fine. Defendant pleaded guilty to the violation on January 11, 1978, and was ordered to serve 120 days of the original suspended sentence, probation to be continued upon his release. In March 1978, defendant was released. A second violation report was filed against him in July 1978, this one alleging a failure to report, a failure to be employed, and abscondence. The ensuing violation of probation proceeding gave rise to the dispute now before us.

Defendant entered a guilty plea to this violation in accordance with a negotiated agreement that he be ordered to serve three months and that probation be terminated. The judge, however, refused to accept the agreement and the plea was withdrawn with the court's permission. At that time, the judge stated "we'll have a hearing on the violations and I'll impose a sentence that I feel is appropriate, but I'm not going to accept the recommendation. . . ." When the matter came on for a hearing a few days later, defendant moved that the judge recuse himself because he had heard the plea of guilty as well as defense counsel's acknowledgment of the violation during argument concerning the State's recommendation. The motion was denied, a hearing was held, the defendant was found guilty of the violation and was ordered to serve the nine-month balance remaining on his sentence. Defendant's exceptions were transferred by *Goode*, J.

The defendant asserts that he was denied his constitutional right to a fair hearing. In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the Supreme Court announced the minima of due process requirements for probation revocation proceedings where sentence has already

been imposed. The defendant, however, would have us adopt, in addition to those requirements, a per se rule of disqualification. We need not decide in this case the exact parameters of defendant's due process rights, but hold that there has been no denial in this case in any event and that a per se rule is not required.

The State properly concedes that defendant has at least the right to an impartial tribunal in determining whether he violated his probation. In some situations the probability of unfairness is so great that a per se rule of disqualification is required. Thus, for example, such a rule applies when the trier has a pecuniary interest in the outcome, *Gibson v. Berryhill*, 411 U.S. 564 (1973), or when he has become personally embroiled in criticism from the party before him, *Taylor v. Hayes*, 418 U.S. 488 (1974), or when he has heard evidence in secret at a prior proceeding, *In re Murchison*, 349 U.S. 133 (1955), or when he is related to a party, *Sanborn v. Fellows*, 22 N.H. 473 (1851). *See also Withrow v. Larkin*, 421 U.S. 35 (1975).

The circumstances presented by this case do not call for the imposition of a per se rule. The fact that a judge presided when a plea of guilty was entered as part of a plea negotiation does not raise such a "probability of unfairness" as to require automatic disqualification. Judges are quite able to put aside information gained at the time of a plea and to decide the case solely on the evidence presented at the subsequent hearings. Even judges and jurors who have in fact formed opinions prior to trial are not disqualified if they can set aside their opinions and decide the case on the evidence before them. *See State v. Stewart*, 116 N.H. 585, 364 A.2d 621 (1976); *State v. Laaman*, 114 N.H. 794, 331 A.2d 354 (1974), *cert. denied*, 423 U.S. 854 (1975); *Irvin v. Dowd*, 366 U.S. 717, 723 (1961).

Defendant cites *In re Murchison*, 349 U.S. 133 (1955), in support of his argument for per se disqualification. The basis for disqualification in that case is absent in the present case. There, the judge, who had acted as a one-man grand jury, heard evidence in secret and then charged and tried the accused in open court for contempt based upon an alleged perjured statement during the secret session. The adjudicator thus became the accuser possessed of information gained in secret; in those circumstances, effective cross-examination was impossible. The Supreme Court held that the judge was disqualified from presiding over the contempt proceedings.

No such situation existed in this case. The events complained of occurred at the time of the plea in open court in the presence of defendant and defense counsel. The judge was not the accuser; nor

was he relying on personal knowledge. We cannot say that in these circumstances a per se rule of disqualification is justified. *Cf. Withrow v. Larkin*, 421 U.S. 35 (1975).

■ The defendant also claims actual bias because of the judge's statement that he would have a hearing and then sentence the defendant. Defendant argues that this language indicates a predetermination of guilt and that the judge should therefore be disqualified. Although the court's language was susceptible of misunderstanding, any apprehension that justice would not be done was laid to rest by his statement at the subsequent hearing.

The question of bias was argued at the hearing on the motion for recusal, and the trial court, by denying the motion, impliedly ruled that there was no prejudice. Despite the judge's earlier statement, he made it clear that the object of the hearing was to determine "whether or not [the defendant] has violated the conditions under which a suspended sentence was imposed." The transcript as a whole indicates the trial justice would determine the violation issue on the basis of the evidence alone. In our opinion the judge's statement, when taken in the context of the entire record, does not compel disqualification.

Moreover, we note that the transcript discloses that the violation was essentially conceded at the hearing. The probation officer testified as to the defendant's failure to report and to be gainfully employed, as well as to the probation officer's inability to find him, and no evidence to the contrary was introduced. Considering the record as a whole, we cannot say that the presumption of our trial judges' honesty and integrity has been overcome or that there was any bias that influenced the decision in the case.

*Exceptions overruled.*

All concurred.