Merrimack District Court
No. 78-245

THE STATE OF NEW HAMPSHIRE

v.

PATRICK FLEMING

April 13, 1979

*Thomas D. Rath*, attorney general (*Peter W. Mosseau* orally), for the State.

*Wiggin & Nourie*, of Manchester (*Stephen J. Patterson* orally), for the defendant.

PER CURIAM. Defendant was charged with driving under the influence of intoxicating liquor, second offense, in violation of RSA 262-A:62. He moved to dismiss on the ground of prejudice because the complaint, as required by the statute, included the prior conviction as an element of the offense.

The questions raised by defendant's motion were transferred in advance of trial without ruling by *Michael*, S.J. This issue should not have been transferred in advance of trial. *State v. Doyle*, 117 N.H. 789, 378 A.2d 1379 (1977). Evidence of a prior offense may be admissible when introduced as "an element in the crime," *State v. Labranche*, 118 N.H. 176, 178, 385 A.2d 108, 109 (1978); *see Spencer v. Texas*, 385 U.S. 554 (1967). No prejudice will result to the defendant in a trial before the district court without a jury. *State v. Aubert*, 118 N.H. 739, 393 A.2d 567 (1978). If defendant is convicted and appeals to the superior court, he may there take steps, such as stipulations, to guard against any alleged prejudice that may result from the jury's being informed of the prior offense. *See generally* ABA STANDARDS FOR TRIAL BY JURY § 4.4 (Approved Draft, 1968); *cf. Novosel v. Helgemoe*, 118 N.H. 115, 384 A.2d 124 (1978) (trial bifurcation); *State v. Barker*, 117 N.H. 543, 374 A.2d 1179 (1977) (limiting instruction regarding evidence of prior offense).

*Remanded for trial.*