35601. THE STATE v. FLEMING.

JORDAN, Presiding Justice.

This case presents a question apparently never squarely addressed by Georgia courts before, i.e., whether a trial judge, faced with a motion to recuse, may preside over his own evidentiary, recusal hearing.[1]

Judge H. W. Lott denied a motion to disqualify himself filed on behalf of the State of Georgia by the

---

[1] The following mention of a similar problem is found in a special concurrence by Justice Gunter in *Hamby v. Pope,* 229 Ga. 339, 340 (191 SE2d 53) (1972): "I am of the opinion that an action for the writ of mandamus may be brought against a judge of superior court in the county of his residence to compel the due performance of his official duties. See Code § 64-101. *The judge against whom such an action is brought, being the defendant in the case, is of course disqualified from hearing the case, and another judge must preside.* See Code § 24-2623." (Emphasis supplied.) See also, Code § 24-102; Code of Judicial Conduct, Canon 3, subd. C (1) (a).

district attorney handling the state's case against Larry Donnell Fleming. The district attorney's affidavit contained in his recusal motion alleged, among other things, that the trial judge was personally biased and prejudiced against the district attorney. In his ruling denying the motion, Judge Lott referred to the testimony taken, thus indicating that the recusal hearing over which he presided was an evidentiary one in which Judge Lott also became the trier of facts.

1. We agree with the state that Judge Lott should not have presided at his own recusal hearing.[2]

Other states that have dealt with this problem have reached a variety of results. See, e.g., Amidon v. State, 604 P2d 575 (S.C. Alaska 1979); Cline v. Sawyer, 600 P2d 725 (S.C. Wyo. 1979); State v. Pondexter, 590 P2d 1074 (S.C. Kan. 1979); State v. Aubert, 393 A2d 567 (S.C. N.H. 1978); State v. Smith, 242 NW2d 320 (S.C. Iowa 1976). We note also that Texas has the following statute covering this specific point: "A district judge shall request the Presiding Judge to assign a judge of the Administrative District to hear any motions to recuse such district judge from a case pending in his court." Vernon's Ann. Civ. St. Art. 200a, § 6. This statute has been interpreted to mean that a district judge has a *mandatory duty* to request the presiding judge to assign another district judge to hear a motion to recuse in a case pending before that judge. McLeod v. Harris, 582 SW2d 772, 775 (S.C. Tex. 1979).

The following statute governs the procedure used in federal courts: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be

---

[2] This case is here on a writ of certiorari to the Court of Appeals. Judge Lott certified his ruling on the recusal motion for immediate review, and the state applied to the Court of Appeals for permission to file an interlocutory appeal. The application was denied. We granted certiorari to review this decision by the Court of Appeals.

assigned to hear such proceeding." 28 USCA § 144. This language has been interpreted to mean that "[O]n . . . motion [for disqualification] it is the duty of the judge to pass only on the legal sufficiency of the facts alleged to ascertain whether they support a charge of bias or prejudice. [Cits.] Neither the truth of the allegations nor the good faith of the pleader may be questioned, regardless of the judge's personal knowledge to the contrary. [Cits.] The test is whether, *assuming the truth of the facts alleged,* a reasonable person would conclude that a personal as distinguished from a judicial bias exists. [Cits.]" Mims v. Shapp, 541 F2d 415 (3rd Cir. 1976). (Emphasis supplied.)

Furthermore, it has been noted that "[s]ection 144 requires that where an affidavit of personal bias or prejudice is filed, the judge must cease to act in the case and proceed to determine the legal sufficiency of the affidavit. He is not, however, allowed to pass upon the truth of its statements. [Cits.]" Bell v. Chandler, 569 F2d 556 (10th Cir. 1978).

The Fourth Circuit Court of Appeals has held that even absent a legally sufficient affidavit, it is still within the trial judge's discretion to refuse to hear the case on the grounds of personal prejudice or bias. Smith v. State of North Carolina, 528 F2d 807 (4th Cir. 1975). See 28 USCA § 144 and annotations thereunder.

We hold the federal rule on motions to recuse to be the most acceptable, that is, when a trial judge in a case pending in that court is presented with a motion to recuse accompanied by an affidavit, the judge's duty will be limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse. We note also the well-settled rule that it is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious; nor does the simple filing of an affidavit automatically disqualify a judge. United States v. Bray, 546 F2d 851, 857 (10th Cir. 1976) and cits.

In the instant case, assuming all the facts as presented in the state's affidavit to be true, the state's

motion to recuse is legally sufficient, and Judge Lott should have secured the services of another judge to hear and determine the motion. Moreover, since hearing a motion to recuse another trial judge is analogous to trying a case in place of another judge who is already disqualified, we remand this case to the Superior Court of Berrien County with the direction that Judge Lott or the district administrative judge proceed to assign this motion to recuse to another judge. See *Ferry v. State,* 245 Ga. 698 (1980). At such hearing, all interested parties shall be entitled to representation by either appointed or retained counsel.

2. The state also argues that the trial court committed error during a pretrial motion when it dismissed, over objection, the defendant's retained counsel and reinstated appointed counsel who had been inactive in the case for three years to resume representation of the defendant.

Pretermitting the question of whether this action by the trial court adverse to the defendant is appealable by the state, we would suggest that this may be done only upon adequate findings in the record fully supporting such action. See United States v. Laura, 607 F2d 52, 55-56 (3rd Cir. 1979) where it was held that "[t]he reasoning underlying [cited United States Supreme Court] decisions makes it clear that the sixth amendment generally protects a defendant's decision to select a particular attorney to aid him in his efforts to cope with what would otherwise be an incomprehensible and overpowering governmental authority. While the right to select a particular person as counsel is not an absolute right, *the arbitrary dismissal of a defendant's attorney of choice violates a defendant's right to counsel."* (Emphasis supplied.)

Because the Laura court did not have adequate findings by the trial court on which to decide whether the dismissal was arbitrary or not in that case, it remanded for those findings to be made. We find this reasoning persuasive.

In the instant case, the dismissal of retained counsel was enumerated as one of the actions taken by Judge Lott which indicated that amount of personal bias and

prejudice for which he should have recused himself. In his order on the motion to recuse, Judge Lott stated in regard to the allegation of his dismissal of retained counsel that the "testimony given at the hearing failed to support the [allegation] made in the affidavit." Since we have no transcript of the hearing during which defendant's counsel was dismissed, we are in the same position as the Laura court. Instead of remanding the case or directing that the transcript be sent up, we will abstain from ruling on this enumerated error at this time in order to give the new judge, should Judge Lott be disqualified, an opportunity to review the record and decide whether or not to reinstate retained counsel.

3. As to the other enumerations of error allegedly committed by Judge Lott, we find these to be in the same posture as found in Division 2. Therefore, we will abstain from ruling on these matters pending the outcome of the recusal hearing since these errors may be rendered moot by the corrective actions of a new judge, should one be named.

*Judgment reversed with direction. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED JANUARY 14, 1980 — DECIDED
APRIL 8, 1980.

*Vickers Neugent, District Attorney, Robert Sparks, Assistant District Attorney,* for appellant.
*Millard C. Farmer, M. Dale English,* for appellee.

HILL, Justice, concurring.

I concur in the first division of the majority opinion. In a concurring opinion I can express some personal views which would be called guidelines if promulgated by the executive branch of government but which can only be called dicta in a judicial opinion. While the majority feels constrained not to include dicta in anticipation of problems not presented by the case at bar, as the author of this opinion, I am not so constrained.

This concurring opinion is written to emphasize that, in my view, the *motion and affidavit* showing bias or

prejudice must not only be sufficient; it must be timely.[1] Such written motion and affidavit should, in my view, satisfy at least two time requirements: It should (1) show that it was filed promptly and without delay, at the first opportunity after the affiant learned of the grounds for disqualification, and (2) it should be filed sufficiently in advance of trial so as to allow time for the designation of another judge to hear and decide the motion, and to secure another judge to preside at trial if the presiding judge is found to be disqualified, *so as not to delay the trial.* In multi-judge circuits, where the motion and affidavit are personally presented to the judge presiding over the case (not merely filed in the clerk's office), presentation at least ten days before trial may suffice, assuming that the affidavit was also filed at the first opportunity, promptly and without delay. In single judge circuits, more lead time may be required. If these requirements are not met, then the affiant should be required to show good cause, *in the motion and affidavit* and at the hearing, for the failure to file earlier. The federal cases indicate that the requirement of showing good cause for failure to timely file a motion to recuse is rarely, if ever, satisfied. A litigant, civil or criminal, knowing of possible grounds for disqualification, cannot delay filing the motion and affidavit in order to see how the judge will rule or will handle the proceeding. Neither an adverse decision nor the sentence imposed by the court is itself evidence of bias or prejudice. Reasons for this rule are self-evident.

Because our decision in this case may cause problems in those circuits where criminal cases are tried immediately following indictment, I should add that, in my view, no trial should be postponed or suspended due to the filing of such a motion and affidavit. At least in my view, the presiding judge may himself or herself, without calling upon another judge, decide that a motion is

---

[1] The court has adopted the rule applicable in federal courts found at 28 USCA § 144. Notice pleading is not applicable here and attention is called to the annotations under that section of the Code, particularly those annotations numbered 29—38 as to timeliness.

untimely if the hearing of it would require postponement or suspension of the trial.

From all that appears, the motion to recuse and its supporting affidavit were timely filed in this case and I therefore concur fully in Division 1 of the majority opinion. I am, however, deeply concerned, as is the district attorney and, I believe, the majority of this court, with the defendant's right to be represented by retained counsel of his choosing. Because we cannot decide that issue without a record made before a judge found qualified to do so, I join the judgment of the court.