Laconia District Court
No. 79-276

### THE STATE OF NEW HAMPSHIRE

### v.

### LAURENT SORRELL

June 25, 1980

*Gregory H. Smith*, acting attorney general, and *Donald J. Perrault*, attorney, by brief for the State.

*James D. O'Neill*, of Laconia, and *James D. O'Neill III*, by brief for the defendant.

PER CURIAM. This is an appeal from a verdict by the Trial Court (*Snierson*, J.) that defendant, Laurent Sorrell, is guilty of harassment pursuant to RSA 644:4.

The principal issues presented on this appeal concern: (1) an alleged violation of defendant's constitutional rights of discovery; (2) failure of the court to suppress all evidentiary fruits of a warrantless entry, search and seizure, and arrest of the defendant in his "protected" residence; and (3) denial of a fair trial by the introduction in evidence of a prior criminal occurrence. We find no error and overrule defendant's exceptions.

As a result of an early morning bombing of the Laconia Police Department, the New England Telephone Company placed a telephone-tracing device (trap) on police department telephone lines. At approximately 9:25 p.m. that same day, a telephone call was received which allegedly stated that: "If you think you had problems last night, wait until tonight." The police dispatcher on duty said that the voice was that of an "older poorly educated male." The telephone company was immediately notified, and approximately forty-five minutes later it had traced the call as having originated from a telephone belonging to a Mrs. Sophie Roubo. Three officers were immediately dispatched and, shortly after 10:30 p.m., arrived at the door of Mrs. Roubo's domicile, which she shared with the defendant. They identified themselves to Mrs. Roubo who allegedly granted them permission to enter the premises.

Upon entering, the officers were confronted by the defendant in the living room. They again identified themselves, informed the defendant and Mrs. Roubo that they had reason to believe a threatening phone call had originated from that residence, and advised the defendant of his *Miranda* rights. The defendant then agreed to answer their questions and admitted that he had been in the house during the time that the call had been received. He also stated that no other male had been present in the house during that time frame, but denied any knowledge of the phone call. The officers then placed the defendant under arrest for placing a bomb threat in violation of RSA 158:38, a class A felony, and transported him to the police station. The charge was later changed by the prosecuting officer to harassment under RSA 644:4, a misdemeanor.

At the station, defendant was confronted by the dispatcher who had received the phone call. Defendant was asked to repeat the message that was originally received. The dispatcher said she believed the voice to be the same, but that she could only be certain if she heard the voice over a telephone. The defendant was then asked to read the same message over the inter-office telephone. The dispatcher then identified the defendant's voice as being that of the individual who had made the phone call in question. Although the police department phone was equipped with a tape-recording device, for an unknown reason it failed to preserve the call in question.

The defendant filed a comprehensive motion for discovery. After hearing and filing of briefs by the parties, the district court ordered the State to comply with Rule 2.10 of the district court rules, which the State did. This rule provides for the furnishing to the defendant of (1) copies of records of statements or confessions, (2) a list of any tangible objects, papers or documents or books obtained, and (3) a statement as to whether all or part of the evidence is to be used.

The court also ordered the State to disclose the name of any expert upon whose testimony it intended to rely to present its case. The State disclosed and furnished the name of a telephone technician who was later called to testify concerning the mechanics of the telephone-tracing system. Furthermore, prior to trial, the defendant's counsel interviewed the technician and was given a visual tour, as well as an explanation of the workings of the telephone-tracing system. Defendant maintains, however, that he should also have been given the names of two other telephone employees who were witnesses at the trial.

█ Our cases and those of the federal courts have repeatedly and consistently upheld the inherent authority of the trial court to rule in its discretion upon matters relating to pre-trial discovery. *United States v. Krohn*, 558 F.2d 390, 394 (8th Cir. 1977); *State v. Healey*, 106 N.H. 308, 210 A.2d 486 (1965). An error in the exercise of that discretion would not constitute a reversible error unless it was shown to be prejudicial to the substantive rights of the defendant. *United States v. Krohn*, 558 F.2d at 394; *see United States v. Seymour*, 576 F.2d 1345, 1349 (9th Cir. 1978).

█ The two telephone company witnesses in question did not give any opinion or expert testimony and were subjected to cross-examination by the defendant. Defense counsel did not move the trial court for a continuance in order to more adequately prepare for their cross-examination. Nor was the defendant limited by the trial court in his cross-examination of any witness. We therefore hold that the actions of the trial court relating to discovery sought by the defendant did not prejudice his constitutional rights in any respect. *See State v. Booton*, 114 N.H. 750, 753-55, 329 A.2d 376, 380-82 (1974); *United States v. Bryant*, 563 F.2d 1227, 1230 (5th Cir. 1977).

The defendant next maintains that the warrantless entry, the search and seizure, and his arrest constituted an unconstitutional intrusion into his home. He argues that all evidence obtained as a result thereof should have been suppressed at the trial and that its admission constituted reversible error.

█ █ The defendant correctly admits in his brief that a voluntary consent free of duress and coercion is a recognized exception to the need of both a warrant and probable cause. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). Moreover, an entry upon the premises with the consent of one co-owner or occupant is lawful as against the other. *State v. McComb*, 111 N.H. 312, 282 A.2d 673 (1971); *United States v. Matlock*, 415 U.S. 164 (1974); *Frazier v. Cupp*, 394 U.S. 731 (1969).

The defendant argues, however, that the police officers did not inform Mrs. Roubo of the specific reason why they were there, nor of the fact that she had a right to refuse them entry because they did not possess a warrant. The defendant maintains that the totality of the circumstances require a finding that Mrs. Roubo did not give a knowing and willing consent which would constitute a valid waiver of the requirements of the fourth and fourteenth

amendments to the United States Constitution. *See Bumper v. North Carolina*, 391 U.S. 543 (1968).

The State correctly argues that this court, *State v. Osborne*, 119 N.H. 427, 433, 402 A.2d 493, 497 (1979), and the United States Supreme Court, *Schneckloth v. Bustamonte*, 412 U.S. at 234, have held that knowledge of a right to refuse entrance is not a prerequisite to voluntary consent. The State also properly points out that the trial court's finding creates a presumption that it took into consideration the totality of the circumstances before concluding that Mrs. Roubo voluntarily gave her consent. *See State v. McComb*, 111 N.H. 312, 282 A.2d 673 (1971).

The State rightly maintains in its brief that "the more appropriate area of inquiry before this Court is the defendant's arrest without a warrant after having been discovered at the Roubo residence." In *Payton v. New York*, 100 S. Ct. 1371 (1980), the supreme court held that absent exigent circumstances entry may not be made into a person's home to make an arrest without a warrant.

■ In this case, however, entry into defendant's home was by a valid consent and when probable cause arose to arrest defendant, the police were already legally on the same side of the constitutional threshold and could therefore legally make the arrest.

■ We are not impressed with defendant's argument that introduction of evidence of the previous bombing was so inflammatory as to prejudice the trial judge. The evidence was admissible on the issue of the exigent circumstances, and the trial judge hearing the case without a jury expressly stated that it would have no influence on his decision on the merits of the case before him. *See State v. Fleming*, 119 N.H. 245, 400 A.2d 1172 (1979).

*Exceptions overruled.*