Sullivan
No. 92-084

THE STATE OF NEW HAMPSHIRE

v.

BERTRAND DELONG

March 5, 1993

*John P. Arnold*, attorney general (*Amy Vorenberg*, assistant attorney general, on the brief), by brief for the State.

*Timothy M. Landry*, assistant appellate defender, of Concord, by brief for the defendant.

BROCK, C.J.   The defendant, Bertrand DeLong, was convicted of one count of criminal threatening, RSA 631:4, and one count of criminal mischief, RSA 634:2 (1986 & Supp. 1991), after a jury trial in the Superior Court (*Morrill*, J.). On appeal, the defendant argues that the trial judge erred in allowing a witness to testify for the prosecution when the correct identity of that witness was not made known to the defendant until after the start of the trial. For the reasons that follow, we affirm.

Charges against the defendant arose out of an altercation in Newport on July 17, 1991. The facts surrounding the incident were in dispute at trial. The defendant and the victim's husband, Harvey Matheson, were returning home from a day of drinking that began hours earlier in a nearby hunting shelter called Joe's Jungle. The victim, Wanda Matheson, claimed that while she was waiting in her car outside of the defendant's apartment to give her husband a ride home, the defendant appeared with a stick. Believing that Mrs. Matheson had reported him to the police, the defendant slammed the stick down on her car and threatened to kill her. Mr. Matheson soon came to his wife's aid and attempted to confront the defendant at his apartment door. Eventually the police arrived and calmed the scene. At trial, however, the defendant testified to the contrary, claiming that he never threatened Mrs. Matheson and never confronted her in her car. Instead, he claimed the disturbance was caused by Mrs. Matheson, who was angry at the defendant for keeping her husband out of work and getting him drunk, and by Mr. Matheson, who was trying to retrieve his six-pack of beer and his sweatshirt from the defendant's apartment.

The night before trial the prosecutor learned of a new witness who could corroborate parts of Mrs. Matheson's account. He telephoned the defendant's attorney to inform him of this new witness but was unable to reach him. The next day the prosecutor informed the court and defense counsel that he had discovered a new witness. He identi-

fied this witness to defense counsel as Hazel Booth. The defendant moved to exclude the witness's testimony on the grounds of unfair surprise. In response, the trial court offered defense counsel a few minutes to interview the new witness, but the attorney declined, stating that he had already talked with Hazel Booth that morning, and that a few more minutes would not make a difference. The court ultimately denied the defendant's motion, noting the relative simplicity of the case, the prosecutor's efforts to inform defense counsel as soon as the witness was discovered, and defense counsel's opportunity to question the witness before the trial.

When the prosecution called its second witness, however, it became apparent that Hazel Booth had been incorrectly identified as the new witness. Hazel Booth was already on the prosecution's witness list. The new witness was named Ginger Martin, and apparently the prosecutor had confused the two. The defendant renewed his objection to the testimony of the new witness. The trial court again offered defense counsel ten of fifteen minutes to interview the witness and overruled the objection.

On appeal, the defendant argues that the trial court should have excluded Ginger Martin's testimony on the grounds of unfair surprise. He contends that when the State engages in open file discovery, as it had done in this case, the State is under an affirmative duty to correctly identify its witnesses. Because the State failed to do so, the defendant missed an opportunity to depose Ginger Martin and was unfairly prejudiced by her testimony at trial.

The trial court has the inherent authority to exercise its sound discretion in matters relating to pre-trial discovery. *State v. LaRose*, 127 N.H. 146, 152, 497 A.2d 1224, 1230 (1985); *State v. Sorrell*, 120 N.H. 472, 475, 416 A.2d 1375, 1377 (1980). "An error in the exercise of that discretion would not constitute a reversible error unless it was shown to be prejudicial to the substantive rights of the defendant." *Sorrell*, 120 N.H. at 475, 416 A.2d at 1377; *see LaRose*, 127 N.H. at 152, 497 A.2d at 1230.

The trial court did not err in allowing Ginger Martin to testify. Her testimony did not unfairly surprise the defendant. Although the fact that a new witness had been found was not known until the time of trial, her testimony was not complex and lasted no more than six minutes. Her testimony presented no new information and merely paralleled the testimony of an earlier witness for the State. The trial judge gave the defendant's attorney an opportunity to interview the witness before she took the stand and permitted exten-

sive cross-examination once she had testified. Furthermore, the defendant apparently never felt it necessary to request a continuance. *See Sorrell,* 120 N.H. at 475, 416 A.2d at 1378.

■ The defendant's rights also were not prejudiced by the confusion created by the prosecutor's failure to correctly identify the new witness. The defendant argues that the United States Supreme Court's reasoning in *Taylor v. Illinois,* 484 U.S. 400 (1988), suggests we should exclude testimony when the State fails to produce accurate information while engaging in open file discovery. The Court in *Taylor* found that testimony was properly excluded in the case of a willful omission during discovery, "motivated by a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence." *Taylor,* 484 U.S. at 415. The willful misconduct in *Taylor* in no way compares to the confusion regarding witnesses in the case at bar. Upon learning of the new witness, the prosecutor here attempted to contact the defendant's attorney but was unable to do so. The confusion regarding witness names at trial did not, by itself, put the defendant in a less favorable position, nor is there any indication that it was a willful attempt by the prosecution to gain some tactical advantage.

*Affirmed.*

All concurred.