James D. Schneller,           :
                Appellant     :
                                  :
             v.              :
                                  :
Honorable Thomas G. Gavin,    :
Court of Common Pleas of Chester :   No. 606 C.D. 2015
County                        :   Submitted: November 6, 2015

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE MARY HANNAH LEAVITT, Judge[1]
                 HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: May 4, 2016

        James D. Schneller (Schneller), pro se, appeals from the Chester County Common Pleas Court's (trial court) October 17, 2014 order sustaining the Honorable Thomas G. Gavin's (Judge Gavin) preliminary objections, overruling Schneller's preliminary objections to Judge Gavin's preliminary objections and dismissing Schneller's Complaint for Writ of Mandamus (Mandamus Complaint) with prejudice. There are three issues before this Court: (1) whether this Court has jurisdiction over Schneller's appeal; (2) whether the trial court properly sustained Judge Gavin's preliminary objections because the trial court did not have jurisdiction to decide Schneller's Mandamus Complaint; and, (3) whether the trial court erred when it dismissed Schneller's Mandamus Complaint with prejudice. After review, we conclude that this Court has jurisdiction over Schneller's appeal and we affirm the

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

trial court's conclusion that it lacked jurisdiction, but vacate the trial court's order dismissing Schneller's Mandamus Complaint, and remand the matter to the trial court with the direction to transfer it to the Pennsylvania Supreme Court.[2]

Schneller instituted the instant action in the trial court with the filing of a Mandamus Complaint, wherein he requested that Judge Gavin be compelled to file a final order in a separate ejectment action in which Schneller was a party over which Judge Gavin presided. Judge Gavin filed preliminary objections to Schneller's Mandamus Complaint asserting that the trial court was without jurisdiction to direct a judge of the same court to take a particular action, that the Pennsylvania Supreme Court had exclusive jurisdiction to hear the matter, and that sovereign and judicial immunities barred the action. Schneller filed preliminary objections to Judge Gavin's preliminary objections.

By October 17, 2014 order, the trial court sustained Judge Gavin's preliminary objections, overruled Schneller's preliminary objections and dismissed Schneller's Mandamus Complaint with prejudice. In the trial court's Opinion Pursuant to Pennsylvania Rule of Appellate Procedure 1925, the trial court explained:

> [Schneller's] Preliminary Objections were overruled for several reasons. One reason in particular is that he filed suit in the Court of Common Pleas. This court has no jurisdiction over a judge of the same court. Further, [Schneller's] [P]reliminary Objections were legally deficient in failing to state a claim upon which relief may be granted.

---

[2] During the pendency of this appeal, Schneller filed two motions with this Court: Appellant's Motion to Supplement the Record and For Coordination Between Courts, and Appellant's Motion for Relief of an Order to the Chester County Court Prothonotary. Given our disposition of this appeal, Schneller's Motion to Supplement the Record and For Coordination Between Courts is moot. For the reasons set forth herein, the remaining motion is not a matter this Court may decide.

2

Trial Court Op. at 2 (citations omitted). Schneller appealed to the Pennsylvania Superior Court. By February 19, 2015 order, the Superior Court transferred the matter to this Court.[3]

Schneller first argues that the Superior Court improperly transferred his appeal to this Court. We disagree.

> This Court has exclusive jurisdiction over appeals from final orders of the courts of common pleas by or against the Commonwealth government, including Commonwealth officers acting in an official capacity. 42 Pa.C.S. § 762. A judge of a court of common pleas, when sued in his or her official capacity is either the Commonwealth government or an officer of said government.

*In re Admin. Order No. 1-MD-2003*, 882 A.2d 1049, 1053 (Pa. Cmwlth. 2005), *aff'd*, 936 A.2d 1 (Pa. 2007). The trial court's October 17, 2014 order was a final order in a matter against a judge of a court of common pleas, sued in his official capacity; therefore, jurisdiction over Schneller's appeal lies exclusively with this Court. *Id.* Accordingly, the Superior Court properly transferred the matter to this Court, and thus, the issue we now decide is whether the trial court erred.

Schneller contends that the trial court erred when it sustained Judge Gavin's preliminary objections and overruled Schneller's preliminary objections to

---

[3] In determining whether preliminary objections in the nature of a demurrer were properly sustained, the standard of review is de novo and the scope of review is plenary. A court may sustain preliminary objections only when, based on the facts pleaded, it is clear and free from doubt that the plaintiff will be unable to prove facts legally sufficient to establish a right to relief. For the purpose of evaluating the legal sufficiency of a challenged pleading, the court must accept as true all well-pleaded material and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts.

*Feldman v. Hoffman*, 107 A.3d 821, 826 n.7 (Pa. Cmwlth. 2014) (citations omitted). Further, "the standard of review in determining whether a court has subject matter jurisdiction is *de novo* and the scope of review is plenary." *In re Admin. Order No. 1-MD-2003*, 936 A.2d 1, 5 (Pa. 2007).

Judge Gavin's preliminary objections. Judge Gavin argues that permitting the trial court to grant Schneller relief would violate the coordinate jurisdiction rule which "provides that judges sitting on the same court in the same case should not overrule each other's decisions." *Commonwealth v. Daniels*, 104 A.3d 267, 278 (Pa. 2014). Further, Judge Gavin asserts that **only** the Pennsylvania Supreme Court has jurisdiction to grant Schneller's requested relief.

Although there is no Pennsylvania appellate case law specifically addressing whether a trial court has jurisdiction to order mandamus directed to a judge of the same court, a Philadelphia County Common Pleas Court opinion provides helpful insight into the issue. In *Winpenny v. Administrative Judge of the Philadelphia Domestic Relations Court, Frank Montemuro, Jr.*, 4 Phila. 203 (1980), *aff'd*, 461 A.2d 612 (Pa. 1983), the plaintiff filed a complaint in mandamus with the Philadelphia County Common Pleas Court (Philadelphia Trial Court) seeking to require the Philadelphia Trial Court to reinstate a support order that was terminated by the Philadelphia Trial Court's Family Court Division. Administrative Judge Frank J. Montemuro, Jr. filed preliminary objections challenging, *inter alia*, the Philadelphia Trial Court's jurisdiction over an action to compel a judge of the same court to perform an official act. In a well-reasoned opinion, the Philadelphia Trial Court concluded that it did not have jurisdiction, explaining:

> The courts of Pennsylvania, and indeed the nation, are structured as a hierarchy. The Courts of Common Pleas of this Commonwealth are courts of general jurisdiction with the same status and power. Above them are the appellate courts. Implicit in the nature of this hierarchy is the power of the higher tribunal to review the actions of an inferior tribunal. Also implicit in the nature of such judicial hierarchy is the fact that a judge is without jurisdiction, or power, to compel the official acts of a judge of the same rank or power. To hold otherwise would invite chaos.

The closest Pennsylvania precedents to the effect that a judge of one Court of Common Pleas has no power to issue a writ of mandamus to a judge of another Court of Common Pleas have all come from the Court of Common Pleas of Dauphin County when that Court served some functions akin to those by the present Commonwealth Court. *See Commonwealth ex rel. Carter v. Court of Common Pleas of Allegheny C[nty.], et al.*, 68 Dauphin 85 (1955); *Commonwealth ex rel. Mattocks v. Keenan, Superintendent of the Allegheny C[nty.] Workhouse*, 66 Dauphin 1 (1954); *Commonwealth ex rel. Honan v. Kreisher*, 67 Dauphin 197 (1954).

However, in other states, courts that have considered the issue have decided that judges have no jurisdiction to issue a writ of mandamus against judges of coordinate jurisdiction. *Hamby v. Pope*, 229 Ga. 339, 191 S.E. 2d 53 (1972); *Boydstum v. Perry*, 249 So. 661 (Miss. 1971); *People ex rel. Filkin v. Flessner*, 48 Ill. 2d 54, 268 N.E. 2d 376 (1971); *Haldane v. Superior Court of Los Angeles C[nty.]*, 221 C.A. 2d 483, 34 Cal. Rptr. 572 (1963); *Shreve v. Pendleton*, 129 Ga. 374, 58 S.E. 880 (1907).

The language in *Shreve*, *supra* at p. 376 is pertinent.

> The very etymology of the word 'mandamus' - - we command, implies superior power; the power of a superior authority to compel an official or inferior judicature to act. The same reason which prohibits an inferior court from controlling the conduct of a superior tribunal applies just as cogently to the effort of one judge to compel the action of another judge or (sic) co-ordinate jurisdiction and power.

To the same effect, see the definition of mandamus in *Black's Law Dictionary . . . .*

*Id*. at 206-207 (italics added). *Black's Law Dictionary* (9th ed. 2009) defines "mandamus" as: "A writ issued by a court **to compel performance** of a particular act **by a *lower* court** or a governmental officer or body, usu[ally] to correct a prior action

5

or failure to act." *Id.* at 1046-47 (emphasis added).[4]  Our Supreme Court affirmed the Philadelphia Trial Court in a *per curiam* order without opinion.[5]

We agree, and conclude that the trial court properly sustained Judge Gavin's preliminary objections.  However, rather than dismissing Schneller's Mandamus Complaint with prejudice, the trial court should have transferred the

[4] Although *Winpenny* was decided in 1980, and the relevant Judicial Code sections have since been amended, they remain substantially similar to those in effect at the time.  Further, although *Shreve* is no longer binding authority in Georgia due to the adoption of Georgia's Constitution in 1983, *see Clark v. Hunstein*, 291 Ga. 646, 733 S.E.2d 259 (2012), we believe its rationale is sound.

[5] We are cognizant that the Pennsylvania Supreme Court's *per curiam* affirmance does not constitute an endorsement of the trial court's rationale in *Winpenny*.  In *Commonwealth v. Tilghman*, 673 A.2d 898 (Pa. 1996), our Supreme Court explained:

> In any appeal before us, this Court's entry of a *per curiam* order affirming or reversing the final order of a lower tribunal, after review and consideration of the issues on appeal to this Court, signifies this Court's agreement or disagreement with the lower tribunal's final disposition of the matter on appeal to us.  An order of *per curiam* affirmance or reversal becomes the law of the case.
>
> In the instance where this Court intends to not only affirm the result of the lower court decision but also the rationale used by the lower court in reaching that decision, we would enter the appropriate order affirming on the basis of the opinion of the lower court, elucidating the lower court's rationale where necessary or desirable.  Our entry of an order of *per curiam* affirmance on the basis of the lower court's opinion, thus, means that we agree with the lower court's rationale employed in reaching its final disposition.
>
> Unless we indicate that the opinion of the lower tribunal is affirmed *per curiam*, our order is not to be interpreted as adopting the rationale employed by the lower tribunal in reaching its final disposition.  Furthermore, even where this Court should affirm on the opinion of the lower Court, the *per curiam* order is never to be interpreted as reflecting this Court's endorsement of the lower court's reasoning in discussing additional matters, in *dicta*, in reaching its final disposition.

*Id.* at 904 (emphasis omitted).

6

action to the Pennsylvania Supreme Court, since, for the reasons that follow, this Court (except where mandamus is ancillary to a pending appeal) does not have jurisdiction to order mandamus to a court of inferior jurisdiction.

Our Supreme Court has explained that "the onus of general superintendence over the courts of this Commonwealth has been allocated to [the Pennsylvania Supreme] Court." *Mun. Publ'ns, Inc. v. Court of Common Pleas of Phila. Cnty.*, 489 A.2d 1286, 1288 (Pa. 1985). Section 721 of the Judicial Code provides: "The Supreme Court shall have original but not exclusive jurisdiction of all cases of . . . [m]andamus or prohibition to courts of inferior jurisdiction." 42 Pa.C.S. § 721. Although the Pennsylvania Supreme Court's jurisdiction over a mandamus action directed to a common pleas court is not exclusive, the roles of the other courts in such matters are limited.

Section 761 of the Judicial Code describes this Court's original jurisdiction:

> **(a) General rule.--** The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity[.]
>
> . . . .
>
> (2) By the Commonwealth government, including any officer thereof, acting in his official capacity, except eminent domain proceedings.
>
> . . . .
>
> (4) Original jurisdiction of which is vested in the Commonwealth Court by any statute hereafter enacted.
>
> **(b) Concurrent and exclusive jurisdiction.**-- The jurisdiction of the Commonwealth Court under subsection (a) shall be exclusive except as provided in [S]ection 721 [of the Judicial Code] (relating to original jurisdiction) and except with respect to actions or proceedings by the

Commonwealth government, including any officer thereof, acting in his official capacity, where the jurisdiction of the court shall be concurrent with the several courts of common pleas.

**(c) Ancillary matters.--** The Commonwealth Court **shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units** *where such relief is ancillary to matters within its appellate jurisdiction*, and it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court. To the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction.

42 Pa.C.S. § 761 (emphasis added).

Writs of mandamus seeking to compel Commonwealth officials to perform mandatory acts must ordinarily be filed in this Court's original jurisdiction. However, this Court's jurisdiction over **mandamus actions to courts of inferior jurisdictions** is limited. In *Kneller v. Stewart*, 112 A.3d 1269 (Pa. Cmwlth. 2015) (*Kneller I*), this Court addressed those limitations when it held that it did not have jurisdiction to consider a mandamus action filed by a constable against a magisterial district court judge.[6] The *Kneller I* Court explained:

> This Court has original jurisdiction under [Section 761(a)(1) of the Judicial Code,] 42 Pa. C.S. § 761(a)(1)[,] over actions against the [Magisterial District Court] Judge, as she is a Commonwealth officer. **This Court, however, does not have jurisdiction to issue mandamus to courts of inferior jurisdiction . . . except where the mandamus is ancillary to a pending appeal. Exclusive jurisdiction over non-ancillary mandamus to courts of inferior jurisdiction lies in the Pennsylvania Supreme Court.**

---

[6] In *Kneller I*, this Court ordered that the matter be transferred to the Pennsylvania Supreme Court. The Pennsylvania Supreme Court subsequently denied Kneller's Petition for Review in the Nature of Mandamus. *See Kneller v. Stewart*, 118 A.3d 1106 (Pa. 2015).

*Id.* at 1271 (citations omitted; emphasis added).

In *Guarrasi v. Scott,* 25 A.3d 394 (Pa. Cmwlth. 2011), this Court similarly concluded that it did not have jurisdiction over the plaintiff's attempt to recuse the entire Bucks County Common Pleas Court's bench in all matters involving the plaintiff:

> [Defendants argue that t]he Supreme Court is the highest court of the Commonwealth and is vested with the supreme judicial power of the Commonwealth. 'The Supreme Court shall exercise general supervisory and administrative authority over all the courts. . . .' P[a]. C[onst]. art. V, § 10(a). 'The Supreme Court shall have original but not exclusive jurisdiction of all cases of . . . [m]andamus or prohibition to courts of inferior jurisdiction.' 42 Pa. C.S. § 721.
>
> **Conversely, Commonwealth Court's original jurisdiction under [Section 761(a) of the Judicial Code] does not extend to such matters. Indeed, in order for Commonwealth Court to have any jurisdiction over [the] Bucks [County] Common Pleas [Court] there must be an appeal from that court pending before this Court.**
>
> We agree with Defendants . . . . **The Supreme Court, as the highest court of the Commonwealth, has general supervisory and administrative authority over all lower courts, including [the] Bucks [County] Common Pleas [Court]. This Court's jurisdiction does not extend to such matters.**

*Id*. at 407 (citations omitted; emphasis added). Here, Schneller's Mandamus Complaint is not ancillary to a matter before this Court in its appellate jurisdiction. Instead, the appeal pertains to the trial court's dismissal of the Mandamus Complaint, itself. Thus, consistent with Section 761(c) of the Judicial Code, 42 Pa.C.S. § 761(c), which limits this Court's jurisdiction "in cases of mandamus and prohibition to courts of inferior jurisdiction [to circumstances] where such relief is ancillary to matters

9

within its appellate jurisdiction," this Court does not have jurisdiction to consider Schneller's Mandamus Complaint.

Given the Pennsylvania Supreme Court's general supervisory authority over the lower courts, this Court's decisions in *Kneller I* and *Guarrasi*, and our agreement with the Philadelphia Trial Court's rationale in *Winpenny*, we conclude that only the Pennsylvania Supreme Court has jurisdiction to consider Schneller's Mandamus Complaint.

> Section 5103(a) of the Judicial Code provides:
>
> If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge **shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth**, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a) (emphasis added). *See also Kneller I*; Pa.R.A.P. 751(a).[7] Accordingly, the trial court should have transferred this matter to the Pennsylvania Supreme Court.

---

[7] Pennsylvania Rule of Appellate Procedure 751(a) provides:

> If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof

10

For all of the above reasons, to the extent the trial court concluded it lacked jurisdiction, the trial court's order sustaining Judge Gavin's preliminary objections and overruling Schneller's preliminary objections is affirmed.[8] However, the trial court's October 17, 2014 Order dismissing the action is vacated. This matter is remanded to the trial court,[9] and we direct the trial court to transfer the matter to the Pennsylvania Supreme Court.

_____
ANNE E. COVEY, Judge

---

to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

Pa.R.A.P. 751(a).

[8] Schneller also argues in his brief that he has a clear right to mandamus, and that sovereign and judicial immunities should not bar his action. Because we have concluded that neither the trial court or this Court have jurisdiction over Schneller's Mandamus Complaint, we cannot address those arguments.

[9] Because this matter is before this Court in its appellate jurisdiction, we do not directly transfer the case to the Supreme Court, and instead remand the matter to the trial court with direction that it do so.

11

James D. Schneller,                  :

                Appellant      :

                              :

             v.              :

                              :

Honorable Thomas G. Gavin,     :

Court of Common Pleas of Chester    :    No. 606 C.D. 2015

County                       :

# O R D E R

AND NOW, this 4th day of May, 2016, the Chester County Common Pleas Court's (trial court) October 17, 2014 order sustaining the Honorable Thomas G. Gavin's preliminary objections and overruling James D. Schneller's preliminary objections is affirmed to the extent the trial court concluded that it lacked jurisdiction, but the order dismissing the action is vacated and this matter is remanded to the trial court, with the direction to transfer the matter to the Pennsylvania Supreme Court. Appellant's Motion to Supplement the Record and For Coordination Between Courts is moot. We do not have jurisdiction to decide Appellant's Motion for Relief of an Order to the Chester County Court Prothonotary.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge