## 33380. GRAY et al. v. BARLOW et al.

PER CURIAM.

Ben B. Gray, III, and Rita M. Gray, defendants in the trial court, appeal from the grant of temporary injunction against them, requiring the removal of an obstruction from a road.

The complaint was brought by Ralph Winston Barlow, Sr., William E. Barlow, Sr., James E. Barlow, Sr., Mrs. Lois J. Barlow, James F. Robinson, and Mrs. Kate J. Robinson. They alleged that the defendants were obstructing roads through the defendants' property to which the plaintiffs, as heirs or assigns of W. J. Barlow, were entitled to access because of a reservation by W. J. Barlow in a deed to the defendants' predecessor in title, and because the roads were public roads.

When the case came on for hearing the defendants made a motion to disqualify the presiding judge on the ground that he is related to two of the plaintiffs, Mrs. Lois J. Barlow and Mrs. Kate J. Robinson, within the prohibited degree under Code § 24-102, as amended by Ga. L. 1935, p. 396. These two plaintiffs and James F.

Robinson were then struck as parties by the other plaintiffs. The judge heard evidence on the issue of his disqualification. In his order denying his disqualification he recited that he is related by consanguinity to Mrs. Barlow and Mrs. Robinson within the sixth degree, but he found that neither has a pecuniary interest in the case.

The word "party" in the phrase "any party interested in the result of the case or matter" in Code § 24-102 "is not restricted to the technical limitation of a party to the case, but includes those who are interested in the result of the case, although not parties of record." *Ga. Power Co. v. Watts,* 184 Ga. 135, 141 (2) (190 SE 654) (1937).

The interest of a person not a party to the record which will disqualify a judge is a pecuniary interest in the result of the litigation. *State Mut. Life Ins. Co. v. Walton,* 142 Ga. 765 (1) (83 SE 656) (1914); *City of Valdosta v. Singleton,* 197 Ga. 194 (1) (28 SE2d 759) (1944).

We think the trial judge erred in finding that Mrs. Barlow and Mrs. Robinson did not have a financial interest in the result of the case. Mrs. Barlow holds a security deed to the property of the plaintiffs who remained in the case. Mrs. Robinson holds a security deed to the property of the defendants. In the complaint they alleged that they would suffer irreparable injury and damage unless the relief prayed be granted. While Mrs. Barlow testified that her security would not be affected by the outcome of the case, she admitted that the property to which she held legal title would be more valuable with the right of access through the property of the defendants. The judge was sitting in a matter in which he not only determined the questions of law, but also had the power to settle disputed issues of fact.

The trial judge was not disqualified under any specific rule of Canon 3 C of the Code of Judicial Conduct (231 Ga. A-5), since Mrs. Barlow and Mrs. Robinson are not related to him within the third degree, but this canon requires that a judge "should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, . . ." Canon 3 C (1).

Under both Code § 24-102 and Canon 3 of the Code of Judicial Conduct the trial judge was disqualified to act in this proceeding. All further proceedings were therefore

nugatory and the injunctive order is vacated. *Howard v. Warren,* 206 Ga. 838 (4) (59 SE2d 503) (1950).

*Judgment reversed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED MARCH 15, 1978 — DECIDED
MAY 23, 1978.

*Walters, Davis, Ellis & Smith, Rick F. Ellis, T. V. Williams, Jr.,* for appellants.

*Preston & Preston, M. L. Preston, H. J. Quincey,* for appellees.