37794. HUNNICUTT v. HUNNICUTT.

GREGORY, Justice.

Appellant Herman Hugo Hunnicutt filed for a divorce from appellee Judy Gail Hunnicutt on December 27, 1979 on the grounds of cruel treatment and that the marriage was irretrievably broken. Appellee was served by publication. On January 11, 1980, Judge Robert J. Noland of the Tallapoosa Judicial Circuit awarded appellant temporary custody of the couple's three minor children. Appellee subsequently counterclaimed for divorce on the ground that the marriage was irretrievably broken; appellee also counterclaimed for custody of the three children, child support and alimony. In her counterclaim she alleged that appellant had threatened her with bodily harm, forcing her to leave the marital home.

No demand for jury trial was made. An evidentiary hearing was conducted before Judge Noland on July 24, 1980. On July 31, 1980 the court entered a judgment and decree granting the parties a total

divorce, awarding custody of the three children to appellee, and requiring appellant to pay child support and $6,000 "as full settlement of all claims of alimony and property rights arising out of the marriage."

On August 28, 1980 appellant filed a motion for new trial on the general grounds. Subsequently, appellant filed five motions for continuance of the motion for new trial. Four of these motions for continuance were granted by Judge Noland; the fifth was granted by another judge in the Tallapoosa Circuit.

On January 5, 1981 appellee filed an attachment for contempt on the grounds that appellant was in arrears $2,200 in child support and had "willfully failed" to pay the $6,000 settlement as required by the divorce decree.

The trial court ordered both the hearing on the motion for new trial and the hearing on the attachment for contempt to be held on January 22, 1981.

On the morning of January 22, 1981 appellant filed with the clerk of court a motion to recuse Judge Noland "on the grounds that [appellant] feels the Judge is not a detached and impartial arbiter of the facts, and is pre-disposed and biased." No affidavit was attached to the motion, nor were any facts stated in support of the motion. Judge Noland denied the motion to recuse on the ground that it was not timely made, but, in order to let appellant "perfect the record," permitted appellant to recite those particulars which appellant believed indicated bias or prejudice on the part of the court. Each instance pointed out by appellant occurred during the July 1980 trial; appellant "perfected the record" by reading a number of Judge Noland's statements from the trial transcript.

The trial court then entertained appellant's motion for new trial which was denied. Subsequently the trial court conducted the hearing on the attachment for contempt, finding appellant to be in willful contempt of the final divorce decree and judgment. We granted appellant's application for appeal under Code Ann. § 6-701.1.

(1) Appellant complains that the trial court erred denying his motion to recuse or, in the alternative, in not allowing another judge to hear argument on the motion to recuse.

Canon 3 (c) (1) of the Code of Judicial Conduct mandates that "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party." See 231 Ga. at A-5. (1974).

In *State v. Fleming,* 245 Ga. 700 (267 SE2d 207) (1980) we determined that "the federal rule on motions to recuse [28 USCA §

144][1] [is] the most acceptable," and held that "when a trial judge in a case pending in that court is presented with a motion to recuse accompanied by an affidavit, the judge's duty will be limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse." *Fleming* at 702.

While the majority opinion in *Fleming,* did not reach the question of whether this court would follow the "timeliness" requirements of 28 USCA § 144, in a concurring opinion, Justice Hill acknowledged the significance of filing an affidavit in support of the motion which is not only legally sufficient, but is also timely. We adopt the suggestion of the concurring opinion that the "written motion and affidavit should . . . satisfy at least two time requirements: It should (1) show that it was filed promptly and without delay, at the first opportunity after the affiant learned of the grounds for disqualification, and (2) it should be filed sufficiently in advance of trial so as to allow time for the designation of another judge to . . . preside at trial if the presiding judge is found to be disqualified, *so as not to delay trial." Fleming,* at 705.

We recognize, as have a number of federal courts, that there are sound policy considerations in strictly construing the timeliness requirements for filing a motion to recuse. Without such controls a party having knowledge of facts which would disqualify the trial judge could take his chances on a favorable outcome at trial; if the decision was adverse to him, he could then complain that the judge was not qualified to hear the case. Further, whether intended or unintended, a motion to recuse disrupts the orderly process of trial and protracts litigation.

The federal decisions have almost uniformly required that the motion to disqualify be made as soon as the facts demonstrating the basis for disqualification become known. See, Wood v. McEwen, 644

---

[1] 28 USCA § 144 provides:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

F2d 797 (9th Cir. 1981); United States v. Patrick, 542 F2d 381 (7th Cir. 1976); Satterfield v. Edentown-Chowan Bd. of Education, 530 F2d 567 (4th Cir. 1975); Cook Industries, Inc. v. C. Itoh & Co., 449 F2d 106 (2d Cir. 1971) cert. denied, 405 U. S. 921 (92 SC 957, 30 LE2d 792) (1972); Davis v. Cities Service Oil Co., 420 F2d 1278 (10th Cir. 1970); Black v. American Mutual Ins. Co., 503 FSupp. 172 (E. D. Ky. 1980).

We further hold that the affidavit in support of the motion to recuse must state the *facts* and *reasons* for the belief that bias or prejudice exists.

In this case appellant merely filed a motion alleging bias or prejudice on the part of the trial court; no affidavit outlining facts in support of the motion was filed. Consequently we find that appellant's motion, lacking facts and reasons to support it, is legally insufficient. Further, we find that it was not timely made. Appellant contends that Judge Noland's "personal bias or prejudice" manifested itself against him during the July 1980 trial. However, appellant waited until six months *after* trial to file his motion to recuse. The trial court did not err in denying appellant's motion to recuse or in denying appellant's request to allow another judge to hear the motion.

(2) Appellant next argues that the trial court erred in overruling his motion for new trial on the general grounds. As we do not have the transcript of the trial proceedings, we are unable to determine whether appellant is entitled to a new trial on the general grounds.

(3) Last, appellant argues on appeal that the trial court erred in finding him in willful contempt as his motion for new trial dated August 28, 1980 and five continuances thereof acted as supersedeas under Code Ann. § 81A-162 (b). Therefore, he posits, the trial court was without authority to enter the order of contempt.

Code Ann. § 81A-162 (b) provides: "The filing of a motion for new trial or motion for judgment notwithstanding the verdict shall act as supersedeas unless otherwise ordered by the court, but the court may condition supersedeas upon the giving of bond with good security in such amounts as the court may order."

Under the circumstances of this case wherein the trial court's order was superseded until the time of the contempt hearing, appellant was not, as a matter of law, in contempt. There was no opportunity for him to comply with the order between the time of the denial for the motion for rehearing and the time of the contempt hearing. He must be allowed a reasonable time. We find, therefore, that the trial court erred in finding appellant in willful contempt.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED NOVEMBER 6, 1981 —
REHEARING DENIED NOVEMBER 24, 1981.

*William G. Posey,* for appellant.
*Kenneth W. Krontz,* for appellee.