76510. CENTRAL OF GEORGIA RAILROAD v. LIGHTSEY.
(374 SE2d 787)

BEASLEY, Judge.

Central of Georgia Railroad appeals from a judgment entered on a jury verdict awarding Lightsey $196,206.86 on his FELA claim. (Federal Employers' Liability Act, 45 USCA § 51 et seq.) It enumer-

ates a number of errors, including denial of its pretrial motion to recuse the trial judge and its posttrial motion for new trial.

1. Lightsey, foreman of a track crew, was injured when a pushcart which he was riding on the rails collided with a pickup truck at a crossing. He filed a complaint in 1983 against the railroad.

In January 1985, after having filed several motions concerning which, except for one perfunctory one, Central asked that ruling be delayed until pretrial conference, Central filed a motion to recuse the judge to whom the case had been assigned. The motion contended that the judge was personally biased in favor of plaintiff's attorneys and against Central, and that the local rules had been circumvented by assigning to this judge all FELA cases in which plaintiff's attorneys represented the claimants. Plaintiff responded that the motion was untimely and legally insufficient, and the court so ruled.

We have thoroughly reviewed the record and the authorities and conclude that the trial judge erred in not referring to another judge the matter of his possible disqualification under Canon 3 C (1) (a) of the Code of Judicial Conduct. Consequently, as did the Supreme Court in *State v. Fleming*, 245 Ga. 700, 703 (1) (267 SE2d 207) (1980), we remand this case to the Superior Court of Chatham County for disposition of the motion. It shall be conducted pursuant to the procedure provided in USCR 25.3.

In the event the motion is denied, the judgment entered on the jury verdict may be reentered and a new appeal taken. In the event the motion is granted, an interlocutory appeal may be sought under OCGA § 5-6-34 (b).

2. The other enumerations of error have been rendered moot at this time, and consequently we decline to rule on them. *Fleming*, supra at 704 (3).

*Judgment reversed and case remanded with direction. Birdsong, C. J., and Banke, P. J., concur.*

ON MOTION FOR REHEARING.

Appellee contends that the issue upon which our opinion is based is controlled by *Hunnicutt v. Hunnicutt*, 248 Ga. 516 (1) (283 SE2d 891) (1981), which would require an opposite result. To the contrary. *Hunnicutt* had been considered and analyzed previously. The facts there differ to the extent at least that the motion was filed on the morning of the hearing and was the first time the party gave notice to the court of his claim of disqualification.

In the instant case the appellant avers that it took its complaint to the judge shortly after it completed its factual research to support its position as to the assignment of cases. After discussion the judge indicated that the matter would be taken up at the next judges' meet-

ing. Apparently counsel were not notified of any action being taken thereafter with respect to the cases already assigned, in that they remained as originally assigned. Consequently they filed a formal motion in January 1985 and asked for an evidentiary hearing. The trial did not commence until November 1986, so it was not imminent when the motion was filed.

Although ex parte communications with the judge assigned to a case are generally forbidden, that factor does not affect the question of timeliness.

Considering the nature and magnitude of the defendant's allegations, the context thereof, and the actions defendant took, it was error to conclude that the motion was untimely, as we have said before.

DECIDED OCTOBER 14, 1988 —
REHEARING DENIED OCTOBER 27, 1988.

*Burt DeRieux, Eileen M. Crowley, Cathleen M. Devlin, William F. Hinesley III*, for appellant.
*Billy E. Moore, John W. Jones, Paul Bennett*, for appellee.