S90G1537. BELL et al. v. SAMARITANO.
(400 SE2d 13)

PER CURIAM.
Judgment affirmed without opinion pursuant to Rule 59.
*All the Justices concur, except Smith, P. J., and Benham, J., who dissent.*

BENHAM, Justice, dissenting.
I must respectfully dissent from this court's decision to affirm the judgment below and, especially, to dispose of this case under Rule 59.

Affirmance without opinion may be rendered when the court determines one or more of the following circumstances exists and is dispositive of the appeal:
(1) The evidence supports the judgment;
(2) No harmful error of law, properly raised and requiring reversal, appears;
(3) The judgment of the court below adequately explains the decision and an opinion would have no precedential value. [Rule 59, Rules of the Supreme Court of Georgia.]

Of the three "circumstances" cited in Rule 59, the first is irrelevant to this case and the other two apply so as to prevent the use of the Rule here: a harmful error of law appears and an opinion correcting that error would be of considerable precedential value. This case was decided by the Court of Appeals in a 5-4 decision with a vigorous dissent authored by Judge Pope and joined in by Judge Sognier and Judge Cooper. Six of the justices of this court agreed to review that decision by granting a writ of certiorari. The concerns we held when granting the writ of certiorari are still valid and substantial enough that they should be fully treated by this court.
The facts of this case are rather simple and straight forward. Appellants are hairdressers who brought this suit against a beauty shop owner for unpaid wages. The shop owner counterclaimed for conversion of certain information dealing with a chemical process used in the cosmetology business, and for tortious interference with contractual relations. The trial court directed a verdict for the hairdressers

for unpaid wages and the jury returned a verdict for the shop owner on the conversion counterclaim in the amount of $24,067 for actual damages and $15,000 for punitive damages. The hairdressers brought this appeal contending, inter alia, that the trial court erred in failing to give any charge on damages regarding the claim for intentional interference with contractual relations. Although appellants did not object to the failure to charge on damages, and in fact said, "No objection," when the trial court asked for objections to the charge, they argued to the Court of Appeals that the error should be reviewed under OCGA § 5-5-24 (c) which provides as follows:

> Notwithstanding any other provision of this Code section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not.

The Court of Appeals rejected that argument and found a waiver of objection, relying on this court's holding in *Irvin v. Oliver*, 223 Ga. 193 (2) (154 SE2d 217) (1967), that the savings provision of § 5-5-24 (c) refers

> only to the failure to make objection to the charge, and not to those instances where the giving of an instruction, or the failure to give an instruction, is . . . specifically acquiesced in by counsel. [Id. at 196.]

The error in the Court of Appeals' holding lies in its overbroad interpretation of the phrase, "specifically acquiesced." It is clear from the context of the holding in *Irvin* that this court was distinguishing between a failure to object to the charge as a whole, which did not occur there, and acquiescence in the giving or not giving of a particular instruction, which did occur there. Thus, regarding specific acquiescence, this court spoke of "the giving of *an* instruction, or the failure to give *an* instruction. . . ." Id. (Emphasis supplied.) To adopt the Court of Appeals' interpretation is to change the meaning of "specifically" to "generally." That interpretation would render the savings provision of § 5-5-24 (c) meaningless in all cases unless counsel chooses either to stand mute when asked by the trial court if there are any objections, or to engage in a lengthy explanation that, although counsel does not wish to express objections at that time, counsel does not intend to acquiesce in the giving of any portion of the charge.

The correct rule is that stated in *Irvin*: where there is a failure to object to the charge as a whole, as there was in the present case, alleged errors in the charge may still be reviewed if they meet the crite-

ria established in § 5-5-24 (c), but where counsel expressly acquiesces in the giving of or failure to give a specific instruction, a waiver of objection occurs.

I would hold, therefore, that the Court of Appeals erred in holding that appellants waived any objection to the jury charge, and would reverse the judgment below and remand the appeal for consideration of appellants' present objection to the charge in light of § 5-5-24 (c).

I am authorized to state that Presiding Justice Smith joins in this dissent.

DECIDED FEBRUARY 1, 1991.

*Davidson & Fuller, Stephen P. Fuller*, for appellants.
*Michael J. Anderson*, for appellee.