A92A0572. VON HOFF v. CARMICHAEL.
(420 SE2d 643)

POPE, Judge.

Defendant Christa Von Hoff employed plaintiff Charles Carmichael as a plumber for the expansion and remodeling of her house. Pursuant to the terms of the oral agreement between the parties, defendant was to pay plaintiff on an hourly basis for labor and for the costs of materials. After making several partial payments to plaintiff, she wrote him a check for what was to be the final payment. Several days later, the county building inspector rejected several items of plaintiff's work and the evidence presented at trial shows plaintiff returned to correct those items and the plumbing was approved. Apparently before the building inspection was made, however, defendant placed a stop payment order on the check written to plaintiff. Al-

though plaintiff corrected the items rejected by the inspector, defendant refused to remit the remaining amount plaintiff claimed was due under the contract. Plaintiff brought this action and a jury verdict was returned in his favor. Judgment was awarded in the amount of $3,652.91 plus pre-judgment interest and $7,000 punitive damages. Defendant appeals.

1. Several of defendant's enumerations of error relate to alleged errors in the charge to the jury. In response to the trial court's inquiry about objections at the conclusion of the instructions to the jury, however, the defendant's counsel responded: "I have no objections, Your Honor. I thought the charge was proper and fair." Defendant waived her objections to the jury instructions by this specific acquiescence to the charges. A party may not on appeal "complain of a charge specifically acquiesced in by the counsel representing [her] on the trial." *Irvin v. Oliver*, 223 Ga. 193, 196 (2) (154 SE2d 217) (1967). Accord *Bell v. Samaritano*, 196 Ga. App. 612 (2) (396 SE2d 520) (1990), aff'd 260 Ga. 768 (400 SE2d 13) (1991).

2. Among the claims made in plaintiff's complaint was that defendant fraudulently induced the plaintiff to perform the work by representing she would pay him pursuant to their oral agreement. Defendant argues the trial court erred in failing to grant her motion for new trial because no evidence was presented to show plaintiff justifiably relied upon the allegedly fraudulent representations. The evidence was certainly sufficient to support the conclusion that plaintiff performed the work in reliance upon defendant's promise to pay him for his services and we find no merit in this argument.

3. A full 30 days after the judgment was entered defendant filed a motion for new trial asserting, inter alia, that the trial judge should have recused himself from the case. She also filed a motion to recuse the trial judge from hearing the motion for new trial. In support of the motion to recuse, defendant filed her affidavit stating that on the second day of the three-day trial, defendant overheard a conversation between the judge and the plaintiff which indicated the plaintiff had performed plumbing work for the judge. According to the affidavit, "The Plaintiff asked the judge if he was pleased with the work he had done. The Judge replied with words to the effect: 'don't overcharge me.' " Defendant argues the trial court erred in ruling the motion to recuse was untimely and legally insufficient.

According to Rule 25.1 of the Uniform State Court Rules, all motions to recuse must be filed in writing before trial and "not later than 5 days after the affiant first learned of the alleged grounds for disqualification . . . unless good cause be shown for failure to meet such time requirements." In this case, the information relied upon by the defendant was not discovered until after trial began and therefore the motion could not have been brought before trial. While defendant

attests that during the trial off-the-record discussions were had with the judge concerning recusal, the record does not show that any motion was filed in writing as required by Rule 25.1 Instead, defendant took her chances on a favorable outcome of the trial and only after an adverse verdict was returned did she file a proper motion to recuse. This is precisely the type of practice which the timeliness requirement of Rule 25.1 is designed to guard against. See *Hunnicutt v. Hunnicutt*, 248 Ga. 516 (1) (283 SE2d 891) (1981). Moreover, we agree that the affidavit in support of the motion to recuse did not set forth a legally sufficient ground for disqualification. Although Canon 3 (C) (1) of the Code of Judicial Conduct indicates a judge should disqualify himself in any proceeding in which his "impartiality might reasonably be questioned," the conversation between the judge and plaintiff in this case did not raise a reasonable question of the judge's impartiality. See *Chambliss v. Roberson*, 164 Ga. App. 579 (1) (298 SE2d 550) (1982). Thus, the trial court did not err in denying the motion to recuse or the motion for new trial.

4. In addition to alleging breach of contract and a claim in quantum meruit, plaintiff's complaint prayed for a special lien on defendant's property on which the work was performed. Defendant argues the trial court erred in failing to determine that plaintiff was not entitled to a lien for failure to file notice of the suit with the clerk of the superior court in the county in which the lien was filed, as required by OCGA § 44-14-361.1 (a) (3). Although the complaint prayed for such a lien, the plaintiff made no request for jury instruction on the claim of lien, and neither the verdict nor the judgment awarded such a lien. Consequently, the claim of lien was not an issue in the case and defendant's enumeration of error in this regard is moot.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JULY 1, 1992.

*James S. Altman*, for appellant.

*Rosenzweig, Kam, Jones & MacNabb, Douglas L. Dreyer*, for appellee.