777 So.2d 1107 (2001)
IRA MEX, INC., a Florida corporation, Appellant,
v.
SOUTHEASTERN INTERIOR CONSTRUCTION, INC., a Georgia corporation, Appellee.
No. 4D00-2339.
District Court of Appeal of Florida, Fourth District.
January 31, 2001.
C. Randall Austin of Austin & Payne, P.A., Fort Lauderdale, for appellant.
*1108 Rachel Sivilli and George S. LeMieux of Gunster, Yoakley & Stewart, P.A., Fort Lauderdale, for appellee.
GROSS, J.
Ira Mex, Inc. timely appeals a non-final order of the circuit court granting defendant Southeastern Interior Construction, Inc.'s motion to dismiss based on inconvenient forum pursuant to Florida Rule of Civil Procedure 1.061(a).[1] Finding no abuse of discretion, we affirm.
Ira Mex filed suit against Southeastern seeking damages, attorney's fees, and other relief pursuant to section 68.065, Florida Statutes (1999), which provides for actions to collect worthless checks. The complaint alleged that Southeastern executed and delivered a check to Ira Mex in the amount of $41,008; that Ira Mex deposited the check into its bank account, and that when the check was presented to the drawee bank, it was refused due to a stop payment order issued by Southeastern. Ira Mex asserted that it had sent the section 68.065(3) notice, but the check had not been paid. Ira Mex sought treble damages, attorney's fees, interest, court costs, and damages resulting from bounced checks which it had written in anticipation of receiving the funds from Southeastern's check.
Southeastern filed a motion to dismiss the complaint. The motion acknowledged that it had employed Ira Mex as a subcontractor on commercial construction projects to perform interior work. It issued the $41,008 check for work that was completed on various commercial buildings. Soon after, employees of Ira Mex approached Southeastern's vice president and demanded payment for their services, claiming that Ira Mex had not paid them, even though Southeastern had made all prior payments to Ira Mex on the job. Southeastern feared that appellant's employees would walk off the job. To keep them on the job site, it paid them directly in an amount that exceeded the check issued to appellant.
Southeastern sought dismissal pursuant to Rule 1.061(a), arguing that jurisdiction was more appropriate in Georgia, for the following reasons: (1) Southeastern is a Georgia corporation with its principal place of business in Georgia; (2) the contract between Southeastern and Ira Mex had been entered into in Georgia; (3) the majority of the work represented by the check in question had been performed in Georgia; (4) the check was drawn on a Georgia bank, so that Georgia was the state where payment was refused; and (5) the majority of Southeastern's witnesses resided in Georgia, as did many of appellant's employees who performed the work in question.
Appellant responded that the case was not one for breach of contract, but a statutory cause of action for a worthless check to which the only defense was a defense to treble damages for economic hardship, pursuant to section 68.065(6), Florida Statutes (1999). Ira Mex argued that Georgia lacked a provision providing the remedy of treble damages. It contended that it would undergo hardship in having to attend hearings out of state and to hire Georgia counsel, when no Georgia witnesses would be called except the representative of Southeastern who was responsible for issuing and stopping payment on the check in question.
At a hearing on June 8, 2000, the trial court considered the affidavits filed by both sides and the arguments of the parties. The court granted the motion to dismiss under Rule 1.061(a).
The decision to grant or deny a Rule 1.061(a) motion "rests in the sound discretion of the trial court, subject to review for abuse of discretion." Fla. R.Civ.P. 1.061(a); see Owens-Corning Fiberglas *1109 Corp. v. Ballard, 739 So.2d 603, 605 (Fla. 4th DCA 1998) (noting that discretion is subject only to the test of reasonableness, in turn requiring "determination of whether there is logic and justification for result"), approved, 749 So.2d 483 (Fla.1999).
In Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86, 92 (Fla.1996), the supreme court adopted the federal doctrine of forum non conveniens, which was later codified in Florida Rule of Civil Procedure 1.061(a). See Fla.R.Civ.P. 1061 (court commentary). Rule 1.061(a) provides that an action may be dismissed for inconvenient forum when:
(1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case;
(2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;
(3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
Ira Mex argues that the trial court erred in granting the motion because no adequate remedy exists in Georgia, the transferee state. For two reasons, we reject that contention.
First, a transfer for inconvenient forum is merely a "change of courtrooms," and the transferee forum must apply the state law which would have been applied by the transferor court. See Sargent v. Genesco, Inc., 492 F.2d 750, 758 (5th Cir. 1974) (quoting Van Dusen v. Barrack, 376 U.S. 612, 639, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). Section 68.065 provides a statutory remedy for wrongful conduct causing a check's failure to clear; in such situations the damage suffered by the payee occurs in the locale where the check is cashed. Florida has the overriding interest concerning the sanctions to be imposed where a check is presented in Florida and it is dishonored. Under these circumstances, Georgia courts will apply the Florida statute, because Florida has a more significant relationship to the dishonored check. See Ryder Truck Rental, Inc. v. Rosenberger, 699 So.2d 713, 715 (Fla. 3d DCA 1997) (finding that plaintiffs concern that a forum non conveniens dismissal would deprive her of an adequate forum was meaningless, since Florida court would be required to apply Montana law of vicarious liability where an auto accident occurred in Montana); Great Western Bank v. Southeastern Bank, 234 Ga.App. 420, 507 S.E.2d 191, 194 (1998).
Second, even assuming that Georgia's bad check statute[2] is more limited than section 68.065 regarding stop payment orders, this does not mean that Georgia is not an "adequate alternate forum" within the meaning of rule 1.061(a)(1). The potential transferee forum is not inadequate where its available legal theories or potential recovery are less generous than the forum where a suit is first brought; a forum is inadequate if the remedy it affords amounts to no remedy at all. See, e.g., Value Rent-A-Car, Inc. v. Harbert, 720 So.2d 552, 554 (Fla. 4th DCA 1998) (reversing order denying motion to dismiss suit filed in Florida based on automobile accident that occurred in Georgia, although Georgia did not have dangerous instrumentality doctrine); Ciba-Geigy Ltd. v. Fish Peddler, Inc., 691 So.2d 1111, 1115 *1110 (Fla. 4th DCA 1997) (finding forum is adequate when parties will not be deprived of all remedies or treated unfairly, though they may not enjoy the same benefits as in forum in which suit was filed) (quoting In re Air Crash Disaster Near New Orleans, La., 821 F.2d 1147, 1165 (5th Cir.1987)).
As to the second Kinney factor set forth in rule 1.061(a)(2), the trial court found that the private interest factors favored the alternate forum, after considering the presumption against disturbing appellant's initial forum choice. Many of the witnesses who resided in Georgia were relevant on the issue of whether Southeastern stopped payment on the check "with intent to defraud" under section 68.065(1). Ira Mex is incorrect in its assertion that the proposed witnesses were not relevant to any defense. At the hearing, the trial court considered evidence and arguments offered by both sides. We do not find that it abused its discretion in ruling that Georgia was the more convenient forum and dismissing the case under rule 1.061(a).
AFFIRMED.
STONE, J., concurs.
FARMER, J., dissents.
FARMER, J., dissenting.
Stripped of all the jargon, this is an action on a check that was delivered by the drawer to the payee in Broward County, seeking to recover damages for improperly stopping payment after delivery.[3] The drawer of the check had no difficulty paying the payee in Broward County, and thus I cannot imagine what could possibly be legally inconvenient about defending on the stop-payment claim in the same place where the check was delivered.[4] Under the circumstances, I have even more difficulty imagining what discretion might reside in a trial judge to send this case up to the drawer's home in Georgia. Unless the mere incantation of forum non conveniens obliterates all rules regarding the right of a plaintiff to choose a forum allowed by law, I should think there is no such discretion, and the case can proceed where the drawer had no inconvenience in making payment.
NOTES
[1] This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A).
[2] Ga.Code Ann. § 13-6-15 (2000). Southeastern cites to Georgia cases allowing recovery where someone has stopped payment of a check given for work done, suggesting that recovery can be had in such a situation in the absence of a statute addressed to a fraudulent stop payment order. E.g., Von Hoff v. Carmichael, 204 Ga.App. 760, 420 S.E.2d 643 (1992).
[3] The check, it should be noted from the drawer's own papers, was in part for work performed in Florida.
[4] There is a well recognized venue provision in Florida that an obligor must pay his creditor where he finds him, and thus the cause of action on a debt lies where the creditor is found. See Croker v.. Powell, 115 Fla. 733, 156 So. 146 (1934). If the drawer of this check had a duty to pay the payee in Broward County, surely the venue is the same for "stopping payment" on the payment.