IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MARCH 20, 2001 Session

## SUZANNE W. GIBSON, ET AL v. JAMES E. PROKELL

**Direct Appeal from the Chancery Court for Shelby County**
**No. 103880-1; The Honorable Walter L. Evans, Chancellor**

_____

**No. W2000-01236-COA-R3-CV - Filed August 15, 2001**

_____

DAVID R. FARMER, J., concurring.

I concur in the result reached by the majority opinion. I write separately on the issue of recusal by the trial judge because I would rule that the motion for recusal was not timely. As noted in the majority opinion, the motion to recuse was filed over six (6) months after the conclusion of the trial. In her brief, Mrs. Gibson complains of various statements and actions of the chancellor made throughout the course of the hearings. She states that the chancellor showed bias and prejudice towards her and "prejudged many issues throughout the proceedings" and made statements "before the presentation of any evidence" which she perceived to exhibit bias. She further complains of statements made by the trial court "before any proof had been submitted other than some initial testimony regarding the qualification of Mr. Prokell's supposed expert witness . . . "

As this court said recently in *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998):

Courts frown upon the manipulation of the impartiality issue to gain procedural advantage and will not permit litigants to refrain from asserting known grounds for disqualification in order "to experiment with the court . . . and raise the objection later when the result of the trial is unfavorable." *Holmes v. Eason*, 76 Tenn. (8 Lea) 754, 757 (1882); *see also Gotwald v. Gotwald*, 768 S.W.2d 689, 694 (Tenn. Ct. App. 1988). Thus, recusal motions must be filed promptly after the facts forming the basis for the motion become known, *see United States v. Baker*, 441 F.Supp. 612, 616 (M.D. Tenn. 1977); *Hunnicutt v. Hunnicutt*, 248 Ga. 516, 283 S.E.2d 891, 893 (1981), and the failure to assert them in a timely manner results in a waiver of a party's right to question a judge's impartiality. *See In re Cameron*, 126 Tenn. at 663, 151 S.W. at 78; *Radford Trust Co. v. East Tennessee Lumber Co.*, 92 Tenn. 126, 136-37, 21 S.W. 329, 331 (1893); *Holmes v. Eason*, 76 Tenn. (8 Lea) at 761.

Even more recently in *Davis v. Department of Employment Security*, 23 S.W.3d 304, 313 (Tenn. Ct. App. 1999), this court noted that recusal motions must be filed promptly after the facts upon which the motion is based become known and failure to seek recusal in a timely manner results in a waiver.

 

_____
DAVID R. FARMER, JUDGE