### A09A1340. MORGAN et al. v. PROPST et al.
(688 SE2d 357)

PHIPPS, Judge.

This appeal involves an action brought by Floyd Propst, the administrator of an estate, against Robin Morgan, the administratrix of another estate. The suit renewed an earlier action voluntarily dismissed by Propst. A jury returned a verdict in favor of Propst and the court entered a judgment thereon. Morgan filed a notice of appeal. After certain costs relating to transmission of the record remained unpaid, the trial court dismissed the notice of appeal.[1] In this appeal from that dismissal order, Morgan claims, among other things, that the court erred in denying an earlier motion for recusal based upon the alleged personal bias of the trial judge against Morgan's attorney. Because the court erred in not assigning the motion to another judge for disposition, we vacate the order denying

---

[1] See OCGA § 5-6-48 (c).

Morgan's motion to recuse and remand the case for disposition of that motion by a different judge and for further proceedings consistent with this opinion. If it is determined on remand that the motion to recuse should have been granted, then all proceedings following that motion's filing, including the dismissal of Morgan's notice of appeal, are invalid.

1. Uniform Superior Court Rule (USCR) 25.3 provides, in pertinent part:

> When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, the affidavit sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse. . . .

Four days after Propst filed this action, Morgan filed her motion to recuse and an accompanying affidavit of her attorney. In his affidavit, Morgan's attorney stated that he previously had been the county's district attorney and that, in that role, he had personally directed the investigation and prosecution of the judge's husband for corruption, which led to the husband's incarceration. In the course of this prosecution, the attorney also investigated the judge, subpoenaing and reviewing her personal and business financial records. As part of a guilty plea agreement, Morgan's attorney terminated the investigation of the judge. He delegated subsequent prosecutions before the judge to his assistants. Morgan argued in the recusal motion that, based on these facts, the judge's impartiality toward Morgan and Morgan's attorney might reasonably be questioned.

The trial court denied the motion to recuse, finding it was untimely and the affidavit legally insufficient and void of facts that warranted recusal. We review the denial of the motion for abuse of discretion.[2]

(a) Propst argues that, because this appeal is from the dismissal of Morgan's notice of appeal, we cannot consider whether the court erred in denying the earlier recusal motion without first finding that the court erred in dismissing the notice of appeal. We disagree. Where the trial judge should have been disqualified, then "all

---

[2] See *In re Longino*, 281 Ga. App. 599, 602 (2) (636 SE2d 683) (2006).

proceedings that occurred after the filing of [the recusal motion] are invalid and of no effect."[3] Thus, before we can consider whether the dismissal of the notice of appeal was valid, it must first be determined whether the judge should have been recused.

(b) A motion to recuse a judge must be filed not later than five days after an affiant "first learned of the alleged grounds for disqualification."[4] Although Morgan filed her motion within four days of the instigation of this action, the court held that the motion was untimely, reasoning that this action was a renewal of an earlier action, that the judge had also been assigned to that action, and that the court had denied an identical recusal motion filed in that action. The court also reasoned that the act of a court assigning a case to a judge is not grounds for disqualification, and thus would not trigger the five-day period for filing a recusal motion. But a renewal suit is an action de novo,[5] and Morgan could not have been expected to file her motion to recuse the judge *before* the action was filed and assigned to the judge. And a motion to recuse can be based upon allegations of the judge's conduct and relationships that occurred before the action was assigned to the judge.[6] The court abused its discretion in holding that Morgan's motion to recuse was untimely.

(c) Canon 3 (E) of the Code of Judicial Conduct should be considered in determining whether an affidavit supporting a motion to recuse is legally sufficient and sets forth facts that, if true, warrant recusal.[7] Canon 3 (E) (1) (a) provides, in pertinent part: "Judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where . . . the judge has a personal bias or prejudice concerning . . . a party's lawyer."

> The alleged bias of the judge must be[ ] "of such a nature and intensity to prevent the defendant from obtaining a trial uninfluenced by the court's prejudgment. To warrant disqualification of a trial judge the affidavit supporting the recusal motion must give fair support to the charge of a bent

---

[3] *Gillis v. City of Waycross*, 247 Ga. App. 119, 122 (543 SE2d 423) (2000) (citing *Gray v. Barlow*, 241 Ga. 347, 348-349 (245 SE2d 299) (1978)).

[4] USCR 25.1. See *Hunnicutt v. Hunnicutt*, 248 Ga. 516, 518 (1) (283 SE2d 891) (1981).

[5] See *Cleveland v. Skandalakis*, 268 Ga. 133, 134 (485 SE2d 777) (1997).

[6] See *Wakefield v. Stevens*, 249 Ga. 254, 256 (290 SE2d 58) (1982) (considering motion for recusal based on past conduct and relationships, but denying motion as untimely because it was filed several weeks after case was assigned to judge and was filed after motions hearing occurred).

[7] See *Gillis*, supra at 119; see also *Hornsby v. Campbell*, 267 Ga. 511, 514 (2) (480 SE2d 189) (1997).

of mind that may prevent or impede impartiality of judgment."[8]

The alleged bias must stem from an extra-judicial source.[9] The movant "need not show any actual impropriety on the part of the trial court judge. The fact that [her] impartiality might reasonably be questioned suffices for [her] disqualification."[10] "The phrase 'impartiality might reasonably be questioned' means a reasonable perception of lack of impartiality by the judge, held by a fair minded and impartial person based upon objective fact or reasonable inference."[11]

Although, as Propst asserts, there is no per se rule that a judge's personal bias against an attorney, rather than a party, is grounds for disqualification,[12] we find that the facts set forth in the affidavit submitted by Morgan in support of her motion, if true, raised a reasonable question about the judge's impartiality in this case.[13] Under these circumstances, USCR 25.3 required the motion to be assigned to another judge, and the court abused its discretion in ruling on the motion.

We vacate the order on the motion to recuse and remand it for disposition by a different judge pursuant to USCR 25.3. If on remand the motion is granted, then the proceedings that occurred after the filing of that motion are invalid and an interlocutory appeal of the grant of the motion may be sought.[14] If the motion is denied, the court may reenter the judgment on the jury verdict and its subsequent orders, including the order dismissing Morgan's notice of appeal, and Morgan may appeal the order dismissing her notice of appeal.[15]

2. Morgan's other enumerated errors, which concern various actions taken by the judge after the filing of the motion to recuse, are rendered moot.[16]

*Judgment vacated and case remanded with direction. Smith, P. J., and Bernes, J., concur.*

---

[8] *Gillis*, supra at 120 (quoting *Birt v. State*, 256 Ga. 483, 486 (4) (350 SE2d 241) (1986)).

[9] *Henderson v. McVay*, 269 Ga. 7, 9 (2) (494 SE2d 653) (1998).

[10] *Gillis*, supra (citing *King v. State*, 246 Ga. 386, 390 (7) (271 SE2d 630) (1980)).

[11] *Jones County v. A Mining Group*, 285 Ga. 465, 466 (678 SE2d 474) (2009) (citation and punctuation omitted).

[12] See *Houston v. Cavanagh*, 199 Ga. App. 387, 388 (405 SE2d 105) (1991).

[13] See *Gillis*, supra at 122; Canon 3 (E) (1) (a), supra.

[14] *Gillis*, supra; *Central of Ga. R. v. Lightsey*, 189 Ga. App. 44, 45 (1) (374 SE2d 787) (1988).

[15] *Central of Ga. R.*, supra.

[16] Id. at 45 (2).

DECIDED NOVEMBER 6, 2009 —
RECONSIDERATION DENIED DECEMBER 3, 2009 —

*Tom Morgan, Louis Levenson, Dylan Littlejohn*, for appellants.
*Cook & Connelly, Bobby Lee Cook, Maniklal & Dennis, Preyesh K. Maniklal, Terry D. Jackson*, for appellees.