S10G0615. PROPST et al. v. MORGAN.
(708 SE2d 291)

NAHMIAS, Justice.

We granted certiorari in this case to determine whether the Court of Appeals erred by considering the merits of Robin Morgan's motion to recuse the trial judge before considering whether the trial judge properly dismissed Morgan's appeal of the final judgment in the case under OCGA § 5-6-48 (c). See *Morgan v. Propst*, 301 Ga. App. 402, 403-404 (2) (a) (688 SE2d 357) (2009). For the reasons that follow, we affirm the Court of Appeals.

In this litigation between estates to set aside a real estate deed, Morgan filed a motion to recuse the trial judge based on her alleged personal bias against one of Morgan's attorneys. See generally Uniform Superior Court Rules 25.1 to 25.6 (providing the procedures and standards for seeking the disqualification of a trial judge). The trial judge denied the motion, finding it untimely and the affidavit that accompanied it legally insufficient. Morgan did not seek an interlocutory appeal. See *Chandler v. Davis*, 269 Ga. 727, 728 (504 SE2d 440) (1998) (holding that a party desiring to appeal a pre-trial ruling on a recusal motion has the option to seek an interlocutory appeal or to appeal directly after an adverse final judgment). After a

---

jury returned a verdict in favor of Floyd Propst, Morgan filed a notice of appeal. The trial judge, however, later dismissed the appeal pursuant to OCGA § 5-6-48 (c), finding that Morgan had unreasonably and inexcusably caused a delay in transmitting the record to the Court of Appeals due to the failure to pay costs.

On appeal, the Court of Appeals first rejected Propst's argument that it could decide the merits of the recusal motion only if it first held that the trial court erred in dismissing the appeal. See *Morgan*, 301 Ga. App. at 403-404. The Court of Appeals then held that the recusal motion was timely filed and sufficient to require the trial judge to assign the motion to another judge for decision. See id. at 404-405. The Court of Appeals therefore vacated the trial court's judgment and remanded the case for further proceedings. See id. at 405. We granted certiorari to determine whether the Court of Appeals erred by considering the recusal issue before the dismissal issue.

OCGA § 5-6-48 (c) provides that a trial court may dismiss a party's appeal

> where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party. In like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court . . . .

Thus, OCGA § 5-6-48 (c) requires the trial court to determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable, and then to exercise discretion in deciding whether to dismiss the appeal. The trial court's ruling will be reversed on appeal only for abuse of discretion. See *Kelly v. Dawson County*, 282 Ga. 189, 189 (646 SE2d 53) (2007). Here, the trial court exercised significant discretion after holding an evidentiary hearing on the motion to dismiss, entering a 13-page order containing detailed findings of fact (including findings regarding the credibility of Morgan's attorney) and conclusions of law. In this appeal, Morgan disputes many of those findings and conclusions.

As Propst points out, when a trial court dismisses an appeal under OCGA § 5-6-48 (c), an appellate court typically will not address the merits of the case before deciding whether the trial court properly dismissed the appeal. See, e.g., *Durden v. Griffin*, 270 Ga.

293, 294 (509 SE2d 54) (1998) (holding that, because the Court affirmed the trial court's dismissal of the appeal under OCGA § 5-6-48 (c), it was unnecessary to resolve the enumerations of error regarding the merits of the case); *Hatfield v. Great American Management & Investment*, 258 Ga. 640, 640 (373 SE2d 367) (1988) (stating that "only if the [trial] court's dismissal of the notice of appeal" was overturned could any questions regarding the merits of the case be raised on appeal). Propst acknowledges, however, that none of those cases involved a recusal issue.

Another line of appellate decisions holds that, if a party files a motion to recuse a trial judge and the motion is denied, but it is later determined that the judge should have been disqualified to act in the case, all proceedings after the filing of the motion to recuse are "invalid and of no effect." *Gillis v. City of Waycross*, 247 Ga. App. 119, 122 (543 SE2d 423) (2000). Accord *Gray v. Barlow*, 241 Ga. 347, 348-349 (245 SE2d 299) (1978). Statutes and judicial codes of conduct that govern recusals "serve to maintain the integrity of the judiciary and the rule of law," *Caperton v. A. T. Massey Coal Co.*, ___ U. S. ___ (129 SC 2252, 2266, 173 LE2d 1208) (2009), by requiring disqualification, for example, where a judge's bias is " 'of such a nature and intensity to prevent the defendant . . . from obtaining a (trial) uninfluenced by the court's prejudgment.' " *Birt v. State*, 256 Ga. 483, 486 (350 SE2d 241) (1986) (citation omitted). Thus, the rationale for invalidating the decisions of a judge who should have been disqualified is that appellate courts, litigants, and the public simply cannot have confidence in the rulings of the judge in that case.

Having considered these two lines of cases, we conclude the merits of a party's recusal motion against the trial judge must be an exception to the general rule that an appellate court will not address the merits of the appeal before deciding whether the trial court properly dismissed the appeal under OCGA § 5-6-48 (c). A trial judge's dismissal of an appeal under OCGA § 5-6-48 (c) requires a significant exercise of discretion based on findings of fact. If dismissal is ordered by a trial judge who denied a motion to recuse but who should have recused herself or been recused on referral to another judge, the dismissal is invalid. It would undermine the integrity of the judicial process to insulate the recusal issue from review and to treat as legitimate the dismissal of an appeal by a judge who should be disqualified based on a proper consideration of a recusal motion.

We therefore hold that, in those rare cases in which an appeal is dismissed under OCGA § 5-6-48 (c) by a trial judge who previously denied a recusal motion, an appellate court should consider the merits of the recusal motion before considering the merits of the trial

judge's dismissal ruling. Thus, the Court of Appeals did not err in considering the merits of Morgan's recusal motion before it considered the trial judge's ruling on the motion to dismiss the appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 18, 2011.

*Cook & Connelly, Bobby Lee Cook, Maniklal & Dennis, Preyesh K. Maniklal, Terry D. Jackson*, for appellants.

*Louis Levenson, Dylan Littlejohn, J. Tom Morgan*, for appellee.