ANDREWS, Presiding Judge,
concurring in part and dissenting in part.
Allan Ali Allan and Abeer Issa Allan, the parents of the minor child who died in the automobile accident described in the majority opinion, filed a notice of appeal from the trial court’s grant of summary judgment in favor of Jefferson Lakeside, L.P. (Case No. A15A0246). Jefferson Lakeside filed a motion in the trial court to dismiss the appeal because of a delay in the filing of a transcript designated by the parents as necessary for consideration of the appeal. The trial court granted the motion and dismissed the appeal, and the parents appealed from the dismissal order in Case No. A15A0479. Because I conclude that the trial court did not abuse its discretion by dismissing the appeal, I respectfully dissent from the majority’s reversal of the dismissal order in Case No. A15A0479.[4] Because the trial court correctly dismissed the parents’ appeal from the grant of summary judgment in favor of Jefferson Lakeside, the *231 appeal in Case No. A15A0246 should be dismissed. Accordingly, I respectfully dissent from the majority’s consideration of the merits and affirmance in Case No. A15A0246. In Case No. A15A0247, Jefferson Lakeside cross-appealed in the same action from the denial of its motion to exclude expert testimony presented by the parents. Because the trial court properly dismissed the parents’ appeal, I concur with the majority (although for a different reason) that the appeal in Case No. A15A0247 should be dismissed.
The parents’ September 30, 2013 notice of appeal designated inclusion of the transcript of the proceedings of the oral argument hearing on summary judgment as part of the appellate record. Where the notice of appeal designates for inclusion in the appellate record a transcript of proceedings in the trial court, it is the appellant’s duty to have the court reporter prepare the transcript at the appellant’s expense and file the transcript with the clerk of the trial court within 30 days after filing the notice of appeal, unless the appellant obtains an extension of time before the expiration of the period for filing. OCGA §§ 5-6-37; 5-6-39; 5-6-41 (c), (e); 5-6-42. Accordingly, the parents had a duty to pay the court reporter to prepare and file the transcript no later than October 30,2013, or to obtain an extension of time before the filing deadline. On July 30, 2014, Jefferson Lakeside filed a motion in the trial court to dismiss the appeal pointing out that 302 days had passed since the parents filed their notice of appeal on September 30, 2013 designating inclusion of the transcript; that the transcript had not been filed with the clerk of the trial court; and that no extension of time for doing so had been requested or obtained. The record shows that, only after receiving the motion to dismiss did counsel for the parents determine from the court reporter the cost of having the reporter prepare and file the transcript. At that point, the parents paid the court reporter, and the reporter prepared and filed the transcript with the clerk of the trial court on July 30, 2014 — over eight months after the transcript was due to be filed.
Pursuant to OCGA § 5-6-48 (c), the trial court is authorized to dismiss an appeal “where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by [the appealing] party.” To dismiss an appeal, the trial court must find all three criteria set forth in OCGA § 5-6-48 (c). First, the trial court must make a threshold finding that the delay in filing was unreasonable, which “refers principally to the length and effect of the delay.” Sellers v. Nodvin, 262 Ga. 205, 206 (415 SE2d 908) (1992) (citation and punctuation omitted). In considering this criteria, “it should be remembered that the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding unreasonable delay so that the case *232 can be presented on the earliest possible calendar in the appellate courts.” Id. (citation and punctuation omitted). Second and third, the trial court must find that the unreasonable delay in filing was inexcusable in that it was caused by the appellant. Baker v. Southern R. Co., 260 Ga. 115, 116 (390 SE2d 576) (1990); Sellers, 262 Ga. at 206.
Thus, OCGA § 5-6-48 (c) requires the trial court to determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable, and then to exercise discretion in deciding whether to dismiss the appeal. The trial court’s ruling will be reversed on appeal only for abuse of discretion.
Propst v. Morgan, 288 Ga. 862, 863 (708 SE2d 291) (2011).
On appeal, the parents contend that the court reporter was at fault, asserting that “the trial court’s Official Court Reporter had failed to file the transcript, and that Appellant’s counsel had taken extensive measures to ensure that the transcript was filed.” The parents’ response to the motion to dismiss in the trial court showed that, within 30 days of their September 30, 2013 notice of appeal, their counsel contacted the court reporter by e-mail on October 4, 2013, ordered the transcript of the hearing, and asked the reporter about the cost of having the transcript prepared. On October 7, 2013, the court reporter responded by e-mail and informed counsel that the cost of preparation would be “an extra cost” in addition to the “shared takedown amount” that was paid at the hearing, and stated that she needed to look at the estimated pages “and get back to you with an estimate” of the cost. On October 7, 2013, counsel told the court reporter by e-mail to let him know what to pay and where to send payment, and the court reporter responded by e-mail on the same day that “I will get back to you and I will begin the transcript as soon as possible.” That was the last communication between counsel and the court reporter until counsel received Jefferson Lakeside’s motion to dismiss the appeal filed on July 30, 2014. After the dismissal motion was filed, counsel immediately contacted the court reporter to determine the cost of preparing the transcript, and immediately paid the court reporter to prepare the transcript. The court reporter responded to counsel by e-mail on August 1,2014 thanking counsel for payment, attaching a receipt for payment, and informing counsel that the reporter prepared the transcript and filed it in the clerk’s office on July 30, 2014.
Nevertheless, the parents contend that filing the transcript over eight months late was excusable and not their fault. In response to Jefferson Lakeside’s motion to dismiss, counsel for the parents *233 showed that from October 10, 2013 to October 21, 2013, he “made several inquiries with the Clerk of Court regarding the transmittal of the record to the appellate court.” According to counsel: “During conversations with staff members, the Clerk of Court first told me that they were waiting on the transcript to be filed before finalizing the Cost Billing Form. In a subsequent conversation I was told the transcript was filed, the record was complete and the Cost Billing Form was finalized.” Counsel further stated that, when he received the Cost Billing Form from the trial court clerk, it showed the cost of the record on appeal was $1,070.50, and that it included a line item charge for $35 for “Transcript.” Counsel paid the total amount of $1,070.50 to the trial court clerk on November 8, 2013 (39 days after the notice of appeal), and assumed that the $35 charge for “Transcript” on the clerk’s bill for the record on appeal was for the designated transcript prepared and filed by the court reporter. According to counsel,
I had no reason to believe or suspect that the transcript had not been filed given the e[-]mail communications with the court reporter communicating to me that it would be done... [and] [i]t was not until I received Defendant^’] Motion to Dismiss that I realized that the transcript had not actually been filed as agreed upon.
I find no reasonable basis for the parents’ counsel to assume, based on conversations with the clerk’s office, that the court reporter prepared the designated transcript, filed it with the clerk, and authorized the clerk to include a bill for the transcript (in the amount of $35) as part of the clerk’s bill for the record. To the contrary, the last e-mail communication between counsel and the court reporter on October 7, 2013, indicated that counsel asked the court reporter to inform him of the cost of preparing the designated transcript and where to send payment, and the court reporter responded, “I will get back to you and I will begin the transcript as soon as possible.” As the record shows, the court reporter did not thereafter contact counsel to inform him of the cost of preparing the transcript, and the reporter did not prepare or file the transcript because she had not been paid. Under these circumstances, it was not reasonable for counsel to let the deadline expire for having the transcript prepared and filed without making any further effort to contact the court reporter to inquire about the status of the transcript preparation. Where the appellant has designated a transcript for inclusion in the record on appeal, OCGA § 5-6-42 provides that, “the appellant shall cause the transcript to be prepared and filed [by the court reporter].” Instead of *234 contacting the court reporter to determine the cost and status of the transcript preparation, counsel said he asked the clerk’s office about “transmittal of the record to the appellate court” and was told “the transcript was filed [and] the record was complete.” It was not reasonable for counsel to simply assume, based on these conversations with the clerk’s office, that, contrary to counsel’s prior communications with the court reporter, the reporter prepared and filed the designated transcript without being paid, and that a $35 charge for “transcript” in the clerk’s bill for the record represented the reporter’s charge for the designated transcript. In fact, the August 1, 2014 e-mail from the court reporter to counsel shows that the $35 “transcript” charge in the clerk’s bill for the record (paid by counsel on November 8, 2013) was not the reporter’s charge for the designated transcript. Rather, the August 1, 2014 e-mail shows that counsel did not determine from the court reporter the cost of the designated transcript, and did not pay the reporter to prepare and file the designated transcript, until July 30, 2014. The record shows that counsel failed to cause the designated transcript to be prepared and filed by the court reporter because counsel failed to timely p.ay the court reporter to prepare and file the designated transcript, and failed to stay informed about and monitor the progress of transcript preparation for the appeal.
“[T]he burden to keep accurately informed of the status of transcript preparation remains with the party having the responsibility to file the transcript and it cannot be shifted to the court reporter .’’Jackson v. Beech Aircraft Corp., 217 Ga. App. 498, 501 (458 SE2d 377) (1995). Accordingly, “the duty to order the transcript and to monitor timely the progress of the reporter’s office in transcript preparation is vested upon the appropriate appealing party. . . .” Id. at 502. Based on this duty, we found in Jackson that an unreasonable delay in filing the transcript was inexcusable where a party failed to communicate with the court reporter for five months “to obtain an accurate report of transcript preparation status. . . .” Id. at 504. Similarly, in Coptic Constr. Co. v. Rolle, 279 Ga. App. 454, 456 (631 SE2d 475) (2006) we concluded that, even though the appealing party had ordered the hearing transcript at issue from the court reporter (and had timely filed a trial transcript and timely paid the costs for preparing the record), the unreasonable delay in filing the hearing transcript was inexcusable where the appellant never communicated with the court reporter during a nine-month period of time after ordering the transcript. In the present case, although counsel for the parents ordered the transcript from the court reporter during the 30-day period for timely filing (and paid the clerk’s bill for record preparation), no payment was made to the court reporter for the *235 transcript, there was no assurance by the court reporter that the transcript would be prepared or filed by a certain date, and counsel failed to initiate any further communication with the court reporter for over eight months. Under these circumstances, the parents failed to carry their burden to order the transcript, pay for it, and make sure it was timely filed. Atlanta Orthopedic Surgeons v. Adams, 254 Ga. App. 532, 536 (562 SE2d 818) (2002).
Decided July 16, 2015.
The Mitchell Law Group, Thomas P. Mitchell, for appellants.
Gray, Rust, St. Amand, Moffett & Brieske, Matthew G. Moffett, Jason D. Hergenroether, for appellee.
The record shows that the delay in filing the transcript delayed the docketing of the appeal and delayed any decision on appeal for at least one term of this Court. For this reason, the trial court did not abuse its discretion in making the threshold finding that the delay in filing the transcript was unreasonable. The trial court also found, as set forth above, that the record showed a failure to communicate with the court reporter about the status of transcript preparation. Accordingly, the trial court did not abuse its discretion by granting the motion to dismiss the appeal on the additional basis that the unreasonable delay in filing was inexcusable and was caused by the parents.[5]
Because the trial court correctly dismissed the parents’ appeal from the trial court’s grant of summary judgment in favor of Jefferson Lakeside, the dismissal order in Case No. A15A0479 should be affirmed, and the appeal in Case No. A15A0246, and the related cross-appeal in Case No. A15A0247, should be dismissed.

 In a footnote quoting the appellee’s brief filed by Jefferson Lakeside in Case No. A15A0479, the majority opinion states: “Jefferson Lakeside states its belief [in the brief] that the underlying appeals ‘should be decided on their merits.’ ” The majority then concludes that, to reach the merits, “would require reversing the trial court’s dismissal of the notice of appeal.” The footnote appears to suggest that Jefferson Lakeside has conceded on appeal that the trial court erred by dismissing the parents’ appeal. To be clear, the appellee, Jefferson Lakeside, did not concede that the trial court’s grant of its motion to dismiss the appeal should be reversed. The appellee’s brief in Case No. Á15A0479 argues that the trial court’s order dismissing the appeal should be affirmed, while alternately urging this Court to affirm the trial court’s grant of summary judgment to appellee on the merits in Case No. A15A0246. There is nothing unusual about the appellee’s alternative contentions.

 The trial court’s order entered on September 16, 2014 dismissing the appeal correctly states that the matter before the court is the “Defendant’s ‘Motion to Dismiss Plaintiffs’ Appeal.’ ” But in some places the order mistakenly transposes the terms Defendant and Plaintiff, and mistakenly states that “Defendant’s notice of appeal is hereby dismissed.” This is a mere misnomer, and the Court’s order plainly and undisputedly dismisses the Plaintiff’s notice of appeal. Moreover, the parents’ notice of appeal in Case No. A15A0479 confirms this by stating that their appeal is from “the Order Granting Defendant’s Motion to Dismiss Plaintiffs’ Appeal. . . entered in this action with the Clerk of Court on September 16, 2014.”